## McKinnis v. Freeman et al.

1. **Mortgage**: FORECLOSURE: ARBITRATION AND AWARD. An action may be maintained upon an award and to foreclose a mortgage, where the mortgage had been executed to indemnify the grantee of certain real estate for breach of warranty, and after such breach the matter had been submitted to common law arbitration, and an award made.

2. **Arbitration**: COMMON LAW. A submission to arbitration at common law is always construed most liberally; and where two parties submitted their "business pertaining to a trade in land," to which the arbitrators confined their deliberations, embracing all the points involved in the controversy, it was considered sufficiently certain.

3. ——: AWARD. If no fraud or partiality be shown, an award in a common law arbitration will be sustained, even if the relief granted lie outside of the legal rights of the parties.

*Appeal from Warren District Court.*

TUESDAY, JUNE 9.

The plaintiff traded a saw mill and fixtures to the defendant, Alex. Freeman, for two forty-acre tracts of lands, and one nine-acre tract, all adjoining. Each conveyed to the other with warranty. The title to one forty, being afterwards in litigation, Freeman and wife made a mortgage upon the other real estate, to the plaintiff, to secure him in the sum of two thousand dollars or so much thereof as the said Freeman shall be legally bound to pay by reason of the failure of his warranty. The title was afterwards, as to the one forty, adjudged not to be in Freeman but in another. After the title was thus settled by the Supreme Court, the parties made this agreement to arbitrate:

"We, the undersigned, as professing Christian men, agree to leave and submit our business pertaining to a trade in land, to a committee to hear and determine according to testimony as given by ourselves or others, and such written testimony as we can submit, according to their views of law and justice."

The submission also named two arbitrators, and specified that they should name the third, and also pledged the parties to abide their decision.

The committee or arbitrators met January 24, 1871, and heard the testimony of the parties and others, and awarded that Freeman should, within ten days, give his promissory note to McKinnis for $1,523.45, payable six months from that date, with ten per cent. interest, and to secure it, should give a mortgage upon certain described land, it being the same land included in the mortgage before given by Freeman to McKinnis to secure him against loss by reason of the failure of his warranty; and also that McKinnis should relinquish all former bonds, deeds or claims held by him by virtue of the trade. The defendant made two payments upon the award, but never executed either the note or the mortgage as awarded. The plaintiff tendered defendant a quit claim deed to all the lands conveyed by defendant to plaintiff. This action was

brought against Freeman, his wife, and a subsequent incumbrancer to foreclose the first mortgage, etc. The District Court rendered judgment for the plaintiff for the amount of the award less the payments, and for a foreclosure of the mortgage. The defendants appeal.

*Bryan & Seevers*, for appellants.

*Stone & Ayers*, for appellee.

COLE, J.—I. The counsel for appellants claim that the action was not originally brought upon the award, but upon the covenant of warranty, and that this was a waiver of any right under the award. A fair construction, however, of the original petition renders it reasonably clear that the action was upon the award. The petition sets forth all the facts of the case, including the submission, the award and the defendant's
1. MORTGAGE: refusal to perform it. The subsequent amendforeclosure. ments of the petition simply made this claim more distinct and specific.

In our view also, it is quite competent for the plaintiff to bring his action upon the award and to ask a foreclosure of the mortgage to satisfy it. Such an action is not different in principle from an action upon a note and for the foreclosure of a mortgage given to secure it. Nor is it different from the action this plaintiff might have brought, in the absence of any award, upon the breach of the covenant of warranty, and for the foreclosure of the mortgage given expressly to secure the damages for such breach. Indeed, it is such an action, in effect; for the award stands as a verdict of a jury ascertaining and settling the amount of damages the plaintiff is entitled to for such breach, and he simply asks the foreclosure of the mortgage to satisfy it. *Linder v. Lake*, 6 Iowa, 164.

II. We need not determine whether under our statute, (Code of 1851, §§ 2098 *et seq.*, Rev. of 1860, §§ 3675 *et seq.*, and Code of 1873, §§ 3416 *et seq.*), this submission is sufficiently definite and certain. The statute expressly requires that the parties to an arbitration, must sign a written agree-

ment *specifying particularly what demands* are to be submitted, the names of the arbitrators, and the court by which the judgment on their award is to be rendered." See *Woodward v. Atwater*, 3 Iowa, 61, and also *Thompson v. Blanchard*, 2 Iowa, 44, and cases cited in note *e*, in Cole's edition. This is a submission at the common law; in other words, a

2. ARBITRA- tribunal created by the parties themselves to deter-
TION : at
common law. mine the controversy between them, instead of leaving it to either the tribunals established by law, or the special tribunal of arbitrators provided for by statute. Such a common law submission is always construed most liberally, and with a view to effectuating the original purpose of the parties to it. See *Burroughs et al. v. David*, 7 Iowa, 155, and cases cited on page 159.

In this case the parties submit to arbitration their " business pertaining to a trade in land." There is no complaint, either in the pleadings or by the testimony of the parties, each of whom gave evidence on the trial below, but that the arbitrators considered the very matter submitted and none other, and that their award covered all questions involved. If there was uncertainty in the submission, it is rendered certain by the evidence.

III. It is further claimed that the award ought not to be enforced, because the arbitrators were mistaken as to the law

3. —: award. and facts, and their award is so enormous as to justify an inference of fraud or partiality. A few facts shown by the record will demonstrate the error of this claim. The trade was made in January, 1867; the testimony tends to show that the lands conveyed to plaintiff were not then worth more than six or seven hundred dollars. But it also appears that the plaintiff then valued the mill at twelve hundred dollars, and there was some controversy between the parties at the time, because the defendant put in the deed the consideration for the land at one thousand dollars. It further appears that while the litigation about the land traded to plaintiff, was pending, the defendant executed his bond to plaintiff, stipulating that if the suit resulted adversely to him, the defendant would convey to plaintiff, in lieu thereof, a certain other

eighty acre tract; and that the defendant had subsequently sold that tract for eleven hundred dollars. There is also evidence tending to show that the mill conveyed by plaintiff to the defendant in exchange, cost the plaintiff more than the amount awarded. It may be true that since the title failed to only one forty, the plaintiff had no legal right to surrender all and demand the return of the consideration paid for all. But the special tribunal, created by the parties, in the exercise of "their views of law and justice," adjudged otherwise; and thereunder plaintiff has reconveyed all by quit claim to defendant.

AFFIRMED.