PATTERSON & WALLACE v. ELLA FRAZER.

No. 1575.  Decided June 21, 1906.

**1.—Variance—Slanderous Words.**

Under an allegation of the utterance of the slanderous language that it could be proved that E. F. was the mother of a certain child, proof of utterance that people said that E. F. was the mother of such child was no variance, the substance of the charge being that E. F., a single woman, had given birth to a child. (Pp. 104, 105.)

**2.—Attorney—Negligence—Degree.**

A requested charge that the negligence or ignorance required to show liability of an attorney for loss of a case must be gross, would not have assisted the jury in determining such liability when the charge given stated the proper standard of care. (P. 105.)

**3.—Charge—Assuming Facts.**

Where the slanderous words alleged were that the defamatory matter could be proved, and the statement testified to was that people said so, it was error for the court to instruct the jury that the undisputed evidence showed the utterance of the statement that such charge could be proved. Though either form of statement was actionable, that alleging it as rumor merely might be less culpable and call for less damages. (Pp. 105, 106.)

Error to the Court of Civil Appeals for the Fourth District in an appeal from El Paso County.

Frazer sued Patterson & Wallace and recovered judgment. Defendants appealed and on affirmance obtained writ of error.

*Beall & Kemp* and *Maury Kemp,* for plaintiff in error.

*S. P. Weisiger* and *A. Seymour Thurmond,* for defendant in error.

BROWN, ASSOCIATE JUSTICE.—For the purposes of this opinion the following statement of the case will be sufficient. On or about the 1st day of February, 1901, Ella Frazer employed a firm of lawyers, Patterson & Wallace, composed of the plaintiffs in error, who were practicing as partners in the city of El Paso, to institute in the District Court of Reeves County a suit in her name against John Moore and Ellen Moore, husband and wife, for damages on account of these slanderous words spoken by Ellen Moore of and concerning the said Ella Frazer, to-wit: "The Frazer girls need not be talking about Marie Howard (or Stone) for at any time they want to it can be proven that the child born in San Antonio is not Mrs. Durrell's child, but Ella Frazer is its mother." The language was alleged to have been uttered by the said Ellen Moore on the — day of May, 1900. The plaintiffs in error accepted the employment and Miss Frazer paid them a cash fee of $250, which was to compensate them for all of their services as attorneys in the said case through all of the courts to which it might be carried.

Patterson & Wallace instituted the suit in Reeves County in favor of Ella Frazer against John and Ellen Moore by filing a petition which contained all the necessary and appropriate allegations to present to the court the case of the said plaintiff, and in the petition it was sought

to recover of the Moores the sum of $5,000, actual damages, and $5,000, exemplary damages, charged to have been occasioned to the said Ella Frazer by the slanderous words uttered by Mrs. Moore. Service was had in due time upon the defendants and, upon a motion filed by the clerk of the said District Court, the judge of the court entered an order during the first term of 1900 requiring the said plaintiff to give bond for cost of the said suit on or before the first day of the next term as required by law. Patterson & Wallace had notice of this rule entered by the judge for the bond for cost and assured Miss Frazer that they would attend to the matter and see that the bond was filed. Ella Frazer called frequently upon the attorneys for instructions about giving the bond and from time to time wrote to them urging the matter upon their attention. It is unnecessary to state the facts in full upon this subject, but it is sufficient to say that she was unusually diligent with regard to the matter and the evidence justifies the finding that the attorneys were negligent in failing to attend to the filing of the bond. At the September term, in the year 1900, the District Court convened and, no bond having been given, on the second day of .the term when the docket was called the clerk of the court and the defendant, John Moore, called the court's attention to the requirement to give bond and the fact that none had been given; whereupon the judge entered an order dismissing the case. Patterson & Wallace were not present in court at the time, but afterwards made a motion to have the case reinstated, which was overruled by the court, which ruling was affirmed by the Court of Civil Appeals. Miss Ella Frazer's cause of action against the Moores was barred by the statute of limitations and she brought this suit in the District Court of El Paso County against Patterson & Wallace to recover of them the damages sustained by her by reason of the dismissal of her suit through their negligence.

It is unnecessary for the disposal of this case, as we view it, to state the pleadings or evidence more explicitly than we have done, except that in her petition against the defendants Ella Frazer presented her cause of action with proper and necessary allegations, alleging the charge as made in the original petition. Proof of the words spoken by Mrs. Moore was made by Mrs. Shertz that "Mrs. Moore said that the Frazer girls need not trouble or talk about Marie Stone's affairs, and that the people said that Ella Frazer was the mother of a child Mrs. Durrell was raising in Alpine, Texas." Mrs. Shertz stated this matter several times with slight variation in the language, but containing substantially the same matter in each statement.

It is unnecessary for us to discuss the many questions which are 'presented by the application for writ of error, and we shall confine ourselves in this opinion to three of the errors assigned in this court.

The objection that the proof which was made of the slanderous words charged to have been uttered by Mrs. Moore varied from the allegations of the petition is not well taken. The gist of the slander spoken by Mrs. Moore of Miss Frazer was that the latter being an unmarried woman had given birth to a child. The words proved embodied fully that charge and the other words proved did not modify or qualify the slanderous charge. Courts have justly been very liberal in permitting the proof of words spoken which constitute slander, for the reason that

it is almost impossible to reproduce by witnesses the exact words used; a substantial agreement between the allegation and the proof is all that the law requires. Newell on Slander & Def., p. 804, sec. 50, p. 808 (2) Variance immaterial.

Plaintiffs in error requested the court to give to the jury the following charge: "In order for the plaintiff to recover in this case on account of negligence or ignorance of the defendants, you must believe that such negligence or ignorance on defendants' part were gross negligence or gross ignorance." This charge would have given the jury no assistance in determining whether the defendants had been guilty of such negligence as would render them responsible to the plaintiff for the loss of her case. The District Court gave to the jury a charge which very clearly and explicitly stated the standard by which they would determine the liability of the defendants as attorneys at law. There was no error in refusing the charge requested by the defendants below.

The application assigns as error the giving of the following instruction by the court: "You are instructed that the said language uttered by Mrs. Ellen Moore concerning the plaintiff, Ella Frazer in the month of May, 1900, to Mrs. Louis Shertz, in substance, as follows: 'That the Frazer girls need not talk about Marie Stone's affairs, for at any time they want to it can be proven that the child born in San Antonio is not Mrs. Durrell's child, but Ella Frazer's'" was slanderous in law and the undisputed evidence showing that such language was uttered by Mrs. Moore, you are instructed, would have entitled the plaintiff, Ella Frazer, to have recovered against Mrs. Moore and John Moore, her husband, in damages in such an amount as may be shown from the evidence she had sustained, if any, by reason of the utterance of said slanderous language by Mrs. Moore on the occasion above named, and if said slanderous language was uttered maliciously by Mrs. Moore and actual damages in any sum had been found in favor of the said plaintiff, Ella Frazer, then in the discretion of the court or jury, assessing such damages, Ella Frazer could have recovered also such sum in exemplary damages as would have constituted an adequate punishment to Mrs. Moore for the utterance of such slanderous language."

This charge, in fact, informs the jury that the undisputed evidence establishes that Mrs. Moore uttered to Mrs. Shertz this language: "That the Frazer girls need not talk about Marie Stone's affairs, for at any time they want to it can be proven that the child born in San Antonio is not Mrs. Durrell's child, but Ella Frazer's." The record shows that Mrs. Shertz, the only witness who testified to the language used, said upon the stand: "Mrs. Moore said that the Frazer girls need not trouble or talk about Marie Stone's affairs and that people said that Ella Frazer was the mother of a child Mrs. Durrel was raising in Alpine, Texas." It is plain that the court did not correctly state the testimony of the witness and the question is, does it appear that the variance between the charge and the testimony is so immaterial that it did not mislead the jury to the injury of the defendants. (Hudson v. Morris, 55 Texas, 610.)

The effect of the charge of the court is to construe for the jury the testimony of Mrs. Shertz as establishing the language used in the charge which is the same as that alleged in the petition. The principal differ-

ence between the language stated in the charge and that to which Mrs. Shertz testified is that the charge makes it an undisputed fact that Mrs. Moore said that the fact that Ella Frazer had given birth to a child "could be proved at any time" which necessarily implies that she, Mrs. Moore, claimed to know the fact to be true and that she knew of the witnesses who could establish the truth of her statement. The testimony of Mrs. Shertz in this particular is to the effect that "people said that Ella Frazer was the mother of the child." In other words, the one presents a case in which a statement is made as upon Mrs. Moore's own knowledge and responsibility, while in the testimony of the witness the case is presented as being stated as a matter of rumor among the people; that is, the witness testified that Mrs. Moore purported to be repeating that which she had heard. It is true that in either case the gist of the charge is that Ella Frazer had given birth to a child and, whether spoken as of her own knowledge or as a repetition of a common report, was slanderous and would give a right of action. The injury to the defendants lies in this, that under the testimony as it was actually given, the jury might, in mitigation of damages, have taken into consideration the fact that the slanderous words were repeated and not originated by Mrs. Moore. Marker v. Dunn, 68 Ia., 720; Galloway v. Courtney, 10 Rich. Law (S. C.), 418; McKinnis v. Freeman, 38 Ia., 364; Evans v. Smith, 5 Mon., 364; Calloway v. Middleton, 2 A. K. Marshall (Ky.), 744.

In Calloway v. Middleton, treating of a similar question, the court expressed the rule of law applicable to this case in this language: "But malice is the gist of the action of slander, and the degree of responsibility of one who publishes slanderous words must be proportioned to the malignity of the motives with which he is actuated in making the publication. Whatever, therefore, tends to diminish the malignity of the person who utters a slander, though not evidence of its truth, must lessen the degree of his responsibility; and, most indisputably, one who only gives currency to a report already in existence, can not be guilty of the same degree of malignity as one who is the prime author or original fabricator of the slander."

The charge excluded testimony which the jury might have considered in mitigation of damages and placed the case before them as being a slander originated and published by Mrs. Moore, which deprived the defendants of the benefit that they might have derived from the exercise of discretion by the jury in assessing a smaller amount against Mrs. Moore; especially in the matter of exemplary damages. It appears to us that there could be no reasonable doubt that the jury may have been led by the charge of the court to consider the case in the harshest light that could have been presented against Mrs. Moore. The defendants were entitled to stand just where Mrs. Moore would have stood in the trial of the suit against her and to have before the jury every fact that tended to lessen the damages.

We are of opinion that the giving of the charge above quoted constituted such error against the plaintiffs in error as requires that this court shall reverse the judgment and remand the cause, and it is accordingly so ordered.

*Reversed and remanded.*