

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable G. G. Roane
County Attorney
Fort Bend County
Richmond, Texas

Dear Sir:

Opinion No. O-4460
Re: Construction of Article 6674n,
Vernon's Texas Civil Statutes.

We are in receipt of your request for an opinion of this department upon the authority of the commissioners' court of Fort Bend County to condemn land for a State highway on behalf of the Texas Highway Department.

Your request states that Fort Bend County has been requested to procure additional highway not in excess of 100 feet in width for the purpose of widening State Highway No. 288. Your request further states:

"I call your attention to the fact that Article 6674n permits said condemnation 'for stream bed diversion in connection with the locating, relocating or construction of a designated State Highway,' or 'land or lands for material or borrow pits to be used in the construction, reconstruction, or maintenance of State Highways.'"

From a reading of your request it appears that you are laboring under the impression that Article 6674n only authorizes the condemnation of land for stream bed diversion or land or lands for material or borrow pits. The same question was raised in the case of Lone Star Gas Company vs. Birdwell, 74 S. W. (2d) 294. In that case the court, speaking through Chief Justice Hickman, said:

" * * * It, therefore, becomes necessary to determine whether the law, as it existed when the condemnation proceeding was instituted, authorized a commissioners' court to condemn land on behalf of the state of Texas for a right of way for a state highway. Article 6674n, Vernon's Annotated Texas Statutes, as

it existed at that time, is found in the amendatory act of the Forty-Third Legislature, c. 207, Senate Bill No. 531. That act clearly expresses that power in this language: 'Whenever, in the judgment of the State Highway Commission, the use or acquisition of any land for road, right-of-way purposes, timber, earth, stone, gravel or other material, necessary or convenient to any road to be constructed, reconstructed, maintained, widened, straightened or lengthened, * * * the same may be acquired by purchase or condemnation by the County Commissioners' Court.'

"The power is again expressed in the next paragraph of the same act. The contention that this act should be construed to limit the power of commissioners' courts to condemn land for stream-bed diversion only is, to our minds, wholly untenable. But we do not think it would be profitable to enter into a further discussion of this question, for, if the language of the act should be construed as contended for by appellant, it would derive no benefit from such construction, for the following reasons: The caption of the last amendment is as follows: 'Chapter 207. An Act amending Article 6674n, Revised Civil Statutes of 1925, as amended by Chapter 10, Acts of the Third Called Session of the Forty-first Legislature, and Chapter 79, Acts of the Fifth Called Session of the Forty-first Legislature, so as to authorize the Commissioners' Court to condemn land not more than one hundred feet in width for stream-bed diversion in connection with the locating, relocating or construction of a designated State Highway; and declaring an emergency.'

"This caption gave notice that amended article 6674n was to be further amended so as to confer the additional power upon commissioners' courts to condemn land for stream-bed diversion. It certainly gave no notice of an intention to take from such courts powers which they then possessed under the article to be amended. If the language of this last amendment should be construed as expressing such intention, it would not be effective for that purpose, because of the failure of the title to give notice of that subject, and such courts would still possess all of their original powers.

Ward Cattle & Pasture Co. v. Carpenter, 100 Tex. 103, 200 S. W. 521; Chancey v. Dayton-Goose Creek Ry. Co. (Tex. Civ. App.) 280 S. W. 843. Unquestionably, under this article as it existed prior to the last amendment, county commissioners' courts had the power to condemn land for rights of way for state highways. Cernoch v. Colorado County (Tex. Civ. App.) 48 S. W. (2d) 470. Since the last amendment, however its language be construed, was ineffective to revoke that power, the same still exists, and commissioners' courts would be authorized to proceed under the powers existing prior to its enactment. Our conclusion is that commissioners' courts have the power to condemn land, for and on behalf of the state, for rights of way for state highway purposes."

You are, therefore, advised that the commissioners' court of Fort Bend County does have authority under Article 6674n, supra, to condemn land for highway right-of-way for the benefit of the State Highway Department.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAR 14, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

By

Richard H. Cooke
Assistant

RHC:ej

APPROVED
OPINION
COMMITTEE
BY BC
CHAIRMAN