**George G. COOK et ux., Appellants,**

**v.**

**James E. IRION et al., Appellees.**

**No. 14518.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 23, 1966.

Howard Jefferson Gibbs, El Paso, for appellants.

Hardie, Grambling, Sims & Galatzan, John C. Akard, Scott, Hulse, Marshall & Feuille, Barney Oden, Jr., El Paso, for appellees.

BARROW, Justice.

This is an action for legal malpractice. Appellants brought suit to recover actual and exemplary damages from appellees for their alleged negligence in handling a claim for damages sustained by appellants as the result of a fall by Mrs. Cook on a sidewalk at the Charles Bassett Community Center in El Paso on August 2, 1962. At the conclusion of appellants' case, the trial court sustained appellees' motion for instructed verdict and entered a take-nothing judgment.

In February 1963, appellants employed appellee John C. Akard on a contingent fee basis to assert their claim for damages sustained by Mrs. Cook's fall. Shortly thereafter, Mr. Akard associated appellee James E. Irion, of the law firm of Irion and Rash, with the understanding that Mr. Irion would take the lead in prosecuting this claim, since he had wide experience in the trial of personal injury claims.

The Bassett Community Center is a complex containing many different stores and on August 2, 1962, eight new stores were being opened with a big promotion and sale throughout the Center, including a live telecast from the Center. Mrs. Cook, while shopping at the Center, allegedly fell when she tripped on a television cable which was on the sidewalk in front of one of the stores. In this situation there were three possible defendants against whom appellants' claim might be asserted: Charles Bassett Shopping Center, Inc., the owner of the community center as well as the sidewalk where the fall occurred; KROD TV, Inc., the owner of the television cable on which Mrs. Cook tripped; and the Bassett Center Merchants Association, an organization of all the tenants in the Center as well as the landlord, which organization had sponsored and arranged for all the promotional activities to attract the public to the Center.

Suit was originally filed against the corporation that owned the Center, however, this suit was subsequently non-suited on advice of appellee Irion and another suit brought against only the Merchants Association. In September of 1964 this case went to trial and, at the conclusion of plaintiffs' case, an instructed verdict was granted the Association. No appeal was perfected from the take-nothing judgment entered in that case. Sometime thereafter the appellants employed their attorney of record in the present case and this suit was brought against appellants' former attorneys for malpractice in handling the original suit.

Appellants concede that in order to prevail in this suit they were required to establish by a preponderance of the evidence that appellee-attorneys were negligent and that this negligence caused appellants to lose their suit. This burden is stated in 7 Tex.Jur.2d Attorneys at Law § 135 (1959), as follows: "It is necessary for the client to prove that his suit would have been successful but for the negligence of the attorney, and to show what amount would have been collectible had he recovered a judgment." See also 45 A.L.R.2d 5, for comprehensive annotation on attorney's liability for negligence in preparing and conducting litigation.

Appellants alleged that appellees were grossly negligent in suing only the Merchants Association instead of proceeding against all three of the possible defendants. More than two years had elapsed before the first trial was had and appellants assert that the statute of limitations would have barred any subsequent suit against the Center and/or KROD TV. There is no allegation of lack of good faith on the part of appellees or any allegation that the trial was mishandled. Mrs. Cook did testify that appellees failed to "brief" or "prepare" her prior to testifying at the original trial, although she was "briefed" prior to the taking of her deposition, and there is no

showing that this failure resulted in any harm to appellants.

John E. Allen, Esq., a duly licensed attorney who was practicing in Alpine, Texas, testified as an expert witness on behalf of appellants. He had never tried a jury or any other type case in El Paso County, and therefore did not profess to testify as to the degree of care, skill and diligence customarily exercised by attorneys practicing in El Paso County. He was permitted to testify, over the objection of appellees, that appellees had failed to exercise the standard of care of the average general practitioner in the State of Texas in not suing all three of the possible defendants. In substance he testified that "when there is room for doubt in your mind as to whether some party might or might not be liable as to whether some party or concern might or might not have operation and control of the premises, *all* (or) one have operation, the other have control, they may be joint tort feasors, and those doubts would necessarily, I think, in the proper representation of a client would be resolved in making those people parties-defendants." He admitted that he might later have dismissed one or more of the defendants after full investigation, and that the plaintiff would be at a real disadvantage in giving the defendants 18 peremptory challenges.

■ The duty of the attorney in representing his client is well stated by the Supreme Court of North Carolina in Hodges v. Carter, 239 N.C. 517, 80 S.E.2d 144, 45 A.L.R.2d 1 (1954), as follows: "Ordinarily when an attorney engages in the practice of the law and contracts to prosecute an action in behalf of his client, he impliedly represents that (1) he possesses the requisite degree of learning, skill, and ability necessary to the practice of his profession and which others similarly situated ordinarily possess; (2) he will exert his best judgment in the prosecution of the litigation entrusted to him; and (3) he will exercise reasonable and ordinary care and diligence in the use of his skill and in the application of his knowledge to his client's cause." Patterson & Wallace v. Frazer, Tex.Civ.App., 79 S.W. 1077, charge approved by Supreme Court, 100 Tex. 103, 94 S.W. 324 (1906); Collins v. Wanner, Sup.Ct. of Okl., 382 P.2d 105 (1963); 7 Am.Jur.2d Attorneys at Law § 168; Restatement of the Law of Torts 2d, § 299A. He is thus subject to the same general rules of law as are physicians, dentists, and other professional people. Prosser, Torts, 3d Ed., p. 164; Theobald v. Byers, 193 Cal.App.2d 147, 13 Cal.Rptr. 864, 87 A.L.R.2d 986.

■ The attorney is not liable, however, for an error in judgment if he acts in good faith and in an honest belief that his advice and acts are well founded and in the best interest of his client. Morgan v. Giddings, Tex., 1 S.W. 369 (1886); Great American Ind. Co. v. Dabney, 128 S.W.2d 496 (Tex.Civ.App.—Amarillo 1939, writ dism'd, judgmt. cor.; Hodges v. Carter, supra; Glenn v. Haynes, 192 Va. 574, 66 S.E.2d 509, 26 A.L.R.2d 1334; Collins v. Wanner, supra; 7 Am.Jur., supra, § 170; 7 C.J.S. Attorney and Client § 140.

■ When this record is considered in the light of these controlling principles of law, it is manifest that appellants failed to raise a fact issue of negligence on the part of appellees, or any of them. It is seen that their complaint relates solely to a matter of judgment which appellee Irion was required to exercise in handling this claim. Suit was first brought against the Center, however, after further investigation of the matter, this defendant was non-suited and suit was filed against the Merchants Association. It is uncontradicted that the Association, which actually arranged the promotional activities on this date including the telecast, was a proper defendant. It is significant that all tenants in the Shopping Center as well as the corporation owning the Center were members of this Associa-

tion. The Merchants Association was insured and apparently able to respond in damages. In this situation it was a matter of judgment to be exercised in the light of the local situation and the attorney's experience, as to whether any advantage could be gained by joining additional defendants.

Furthermore, an attorney practicing in a vastly different locality would not be qualified to second-guess the judgment of an experienced attorney of the El Paso County Bar as to who should be joined as additional party defendants. In this case Mr. Allen practicted law in Alpine, which is 220 miles from El Paso, and it is further significant that the population of Brewster County is 6,434, as compared to 314,070 in El Paso County. As admitted by Mr. Allen, the probable make-up of the jury panel is an important consideration of whom to sue where there is an option. The importance of knowledge of the local situation is fully demonstrated by the well-recognized practice among the lawyers of this State in associating local counsel in the trial of most important jury cases.

The record in this case demonstrates that Mr. Irion was associated in this case by Mr. Akard because of Mr. Irion's superior knowledge and experience in the trial of this particular type case. There is no complaint that Mr. Irion did not in good faith and to the best of his ability endeavor to recover on what all parties concede is a difficult type claim. The fact that this suit was unsuccessful does not warrant the re-examination of his tactics or acts of judgment which were undeniably made in good faith.

Since appellants failed to establish that appellees were negligent in the handling of this suit, it is unnecessary for us to consider whether an instructed verdict would have been granted against appellees under the testimony of Mrs. Cook as to the open and obvious condition of the cable regardless of who was sued.

The judgment is affirmed.