**John D. JACKSON et ux., Appellants,**

**v.**

**URBAN, COOLIDGE, PENNINGTON & SCOTT et al., Appellees.**

**No. 16382.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 14, 1974.

Rehearing Denied Dec. 5, 1974.

J. Leonard Gotsdiner, Ranseler O. Wyatt, Houston, for appellants.

Fulbright & Crooker, Barry N. Beck, Frank G. Jones, Houston, for appellees.

COLEMAN, Chief Justice.

This is a malpractice suit. At the conclusion of the plaintiffs' case, the trial court instructed a verdict for the defendant. This appeal results.

The plaintiffs employed the defendant law firm to represent them in presenting and collecting a contractual claim against the estate of P. V. Pappas. Mr. Scott discussed the claim with the plaintiffs and checked the inventory filed in the estate of Mr. Pappas. Mr. Scott formed an opinion

from his examination of the inventory that there were assets sufficient to justify the filing of the claim to protect his clients' interest. No list of claims against the estate was available to him. A claim was filed with the executrix of the estate and it was rejected. Suit was then filed in the district court. Mr. Scott testified that he subsequently discussed the case with the attorney representing the executrix and that based on the information which he got at that time he determined that the facts did not warrant pursuing the matter. He testified that he advised the plaintiffs that the suit was not worth prosecuting and that he purposely allowed the suit to be dropped from the docket for want of prosecution. The plaintiffs contend that they were never advised that their claim had no merit.

For the purposes of this opinion we will assume that plaintiffs introduced evidence on the trial of this case which would have justified a finding that their suit against Pappas would have been successful if prosecuted to a final judgment, and that they would have secured a judgment in the sum of $10,000.00.

■ Where a client sues his attorney on the ground that the latter caused him to lose his cause of action, the burden of proof is on the client to prove that his suit would have been successful but for the negligence of his attorney, and to show what amount would have been collectible had he recovered the judgment. Gibson v. Johnson, 414 S.W.2d 235 (Tex.Civ.App.—Tyler 1967, writ ref. n. r. e.); Patterson & Wallace v. Frazer, 93 S.W. 146 (Tex.Civ. App.1906, rev'd, 100 Tex. 103, 94 S.W. 324, 1907); Priest v. Dodsworth, 235 Ill. 613, 85 N.E. 940 (1908); Vooth v. McEachen, 181 N.Y. 28, 73 N.E. 488 (Ct. of App. of N.Y.1905).

■ There is no evidence that the Pappas estate was solvent at the date the case was filed or at any time thereafter. There is no evidence that any specific amount could have been collected from the Pappas estate had a judgment been obtained. The plaintiffs failed to sustain their burden of proof, and the judgment of the trial court must be affirmed.

Affirmed.