Hector B. TIJERINA, Appellant,

v.

John D. WENNERMARK, Appellee.

No. 04-84-00010-CV.

Court of Appeals of Texas,
San Antonio.

Nov. 20, 1985.

Hector B. Tijerina, pro se.

Sharon E. Callaway, Groce, Locke & Hebdon, San Antonio, for appellee.

Before ESQUIVEL, DIAL and KLINGE-MAN *, JJ.

## OPINION

KLINGEMAN, Justice (Assigned).

This is a legal malpractice case. Hector B. Tijerina filed suit in a district court of Bexar County, Texas, against John D. Wennermark seeking actual damages in the amount of $50,000.00 and exemplary damages in the amount of $50,000.00, allegedly suffered by him due to inadequate and improper representation of him by Wennermark in two criminal cases in which Tijerina was the defendant. Wennermark, in answer thereto, filed a general denial and thereafter filed a motion for summary judgment that Tijerina take nothing by his suit. Tijerina filed a controverting affidavit.

The trial court granted defendant's motion for summary judgment, and Tijerina timely perfected his appeal.

---

* Assigned to this case by the Chief Justice of the Supreme Court of Texas as authorized pursuant to Paragraph (d) of Article 1812, Texas Revised Civil Statutes as amended by H.B. 2244 (Acts 1983, 68th Leg., p. 1912, Ch. 354, Sec. 1, eff. June 16, 1983).

In this opinion appellant Hector B. Tijerina will generally be referred to as "plaintiff" or "Tijerina" and appellee John D. Wennermark as "defendant" or "Wennermark."

Tijerina's basic complaint on this appeal is that the trial court erred in granting Wennermark's motion for summary judgment. He contends that: (1) a fact issue as to duress on his guilty pleas was raised; (2) Wennermark's supporting affidavit to his motion for summary judgment contains only opinions and conclusions; (3) the summary judgment motion is in effect an impermissible general demurrer; (4) Wennermark failed to appeal his motions to quash the indictment; and (5) not all the criminal proceedings are attached to the summary judgment motion, and the record before us is an incomplete record.

Wennermark in his reply asserts that (1) the trial court correctly rendered summary judgment that Tijerina take nothing because Wennermark conclusively established the absence of injury to plaintiff; (2) the trial court's summary judgment is correct because Wennermark's motion for summary judgment specifically states the grounds of non-existence of injury to plaintiff; (3) the trial court's summary judgment is correct because it is based on the conclusive negation by defendant of plaintiff's theory of recovery and thus is not a general demurrer.

■ The question of legal malpractice in a criminal case in this state is in somewhat a gray area at this time as there are not many applicable authorities. It would appear from these authorities, such as they are, that the same standards applicable to legal malpractice in a civil case would also be applicable to legal malpractice in a criminal case. See Kaus and Mallen, The Misguiding Hand of Counsel—Reflections on "Criminal Malpractice," 21 UCLA L.Rev. 1191 (1974); Annot., 53 A.L.R.3d 731 (1973).

■ Basically, an attorney should exercise reasonable and ordinary care and diligence in the use of his skill and in the application of his knowledge to his client's cause. Patterson & Wallace v. Frazer, 79 S.W. 1077, 1080–81 (Tex.Civ.App.1904, no writ). An attorney is not liable for an error in judgment if he acts in good faith and with the honest belief that his advice and acts are well-founded and in the best interest of his client. Cook v. Irion, 409 S.W.2d 475, 477 (Tex.Civ.App.—San Antonio 1966, no writ); Great American Indemnity Co. v. Dabney, 128 S.W.2d 496, 501 (Tex.Civ.App.—Amarillo 1939, writ dism'd). A legal malpractice claim sounds in tort, and the plaintiff must show that the action or inaction of the attorney is the proximate cause of some injury to him. Citizens State Bank of Dickinson v. Shapiro, 575 S.W.2d 375, 386 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.).

■ The burden of proof in a malpractice case is ordinarily on the client who seeks to recover damages from his attorney for alleged malpractice. Jackson v. Urban, Coolidge, Pennington & Scott, 516 S.W.2d 948, 949 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.); Gibson v. Johnson, 414 S.W.2d 235, 238 (Tex.Civ.App.—Tyler 1967, writ ref'd n.r.e.), cert. denied, 390 U.S. 946, 88 S.Ct. 1032, 19 L.Ed.2d 1135 (1968); 7 Am.Jur.3d Attorney at Law § 163 (1980).

■ In order to support a malpractice recovery against an attorney, it is necessary that the client establish that he had a meritorious defense. Rice v. Forestier, 415 S.W.2d 711, 713 (Tex.Civ.App.—San Antonio 1967, writ ref'd n.r.e.).

Wennermark was retained by Tijerina in January of 1981 to represent him in a criminal proceeding for two counts of burglary of a habitation. At such time Tijerina had two prior felony convictions. He thus was subject to the habitual criminal statute which mandates a life term on conviction of either of the burglary counts. The prosecutor first offered a fifty year sentence in the penitentiary in exchange for a guilty plea, but Wennermark was able to obtain from the felony chief prosecutor a thirty year sentence with no habitual count. Tijerina had initially pled not guilty in Janu-

ary, 1981, but after the plea bargaining outlined above, Tijerina pled guilty on February 23, 1981. He was sentenced to thirty years.

After the indictments were returned against Tijerina, Wennermark initially filed two pre-trial motions to quash the indictments, because they failed to state that the habitation was then and there open to the public. These motions were overruled by the court. Wennermark did not perfect an appeal on such ruling.[1]

On February 18, 1983, Tijerina filed his original petition in his legal malpractice suit in a district court of Bexar County, Texas. His petition states that he was presently imprisoned in Huntsville. The gist of his complaint in such petition is that Wennermark advised him to plead guilty, stating that he had made a plea bargain with the State's attorney for thirty years in return for plaintiff's plea of guilty; he told Wennermark that he did not wish to plead guilty, but Wennermark threatened to withdraw from the case if Tijerina did not plead guilty; and that Wennermark stated that Tijerina could probably not get other counsel at such time because the trial had already begun.

Tijerina's claim that he has been damaged and injured by Wennermark's representation of him is primarily based on the following contentions: (1) Wennermark failed to appeal the overruling of his pre-trial motion to quash the indictment; (2) Tijerina did not desire to plead guilty to the criminal charges with which he was charged, but did so because of false statements and misrepresentations made to him by Wennermark; (3) his plea of guilty was made under duress; and (4) Wennermark's motion for summary judgment is merely a general demurrer.

Wennermark's original answer consists of a general denial. Thereafter he filed a motion for summary judgment that Tijerina take nothing. Tijerina filed a controverting affidavit in opposition to Wennermark's motion for summary judgment. Attached to such motion as an exhibit is a statement of facts of the criminal proceedings.

The record establishes that on February 23, 1981, at a hearing by the trial court on the two counts of burglary of a habitation, the trial court, after discussing in some detail the plea bargaining agreement with Tijerina, then asked Tijerina whether he agreed to the thirty year sentence recommendation. Tijerina answered this question affirmatively and thereafter, under further questioning by the trial court, expressly pled guilty to both counts of burglary of a habitation.

The following testimony appears in the record before us:

THE COURT: Now, are you admitting your guilt in each of these two cases because you feel you are guilty?

THE DEFENDANT: Yes.

THE COURT: Do you feel you are guilty of these offenses?

THE DEFENDANT: Yes.

THE COURT: Nobody is forcing you to plead guilty?

THE DEFENDANT: No.

THE COURT: You are doing this freely and voluntarily?

THE DEFENDANT: Yes.

THE COURT: Your admission as to the prior convictions, that is also done freely and voluntarily?

THE DEFENDANT: Yes.

It is undisputed that Tijerina had two prior felony convictions at the time he was charged with the two offenses of burglary of a habitation involved in the case before us. At such time TEX.PENAL CODE ANN. § 12.42(d) (Vernon 1974) mandated a life sentence with no sentencing discretion lodged in either the judge or the jury. *Rummel v. Estelle*, 587 F.2d 651, 662 (5th Cir.1978), *aff'd*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).

---

1. Recent Texas cases have held that an indictment is not fundamentally defective when it fails to state that a habitation was then and there open to the public. *Johnson v. State*, 537 S.W.2d 16, 18 (Tex.Crim.App.1976); *Garza v. State*, 522 S.W.2d 693, 694 (Tex.Crim.App.1975).

A part of the plea bargaining was dropping the habitual count and proceeding under the repeater statute. TEX.PENAL CODE ANN. § 12.42(c) (Vernon 1974). This statute mandates a sentence of either life, or not more than ninety-nine years or less than fifteen years, thus giving the judge some sentencing discretion as evidenced by the thirty year sentence obtained after the plea bargain.

■ In the trial court Wennermark was further confronted with the problem of lack of a meritorious defense to the offense charged. This is evidenced by certified copies of Tijerina's criminal file which are attached to the defendant's motion for summary judgment, and which were before the trial court in its consideration. Such statement of facts was not made a part of the record before us. Tijerina as appellant has the burden of presenting to this court a record which will support a reversal on his points of error. In this respect we have an incomplete record before us, and an appellate court under such circumstances must presume that omitted evidence upon which the trial court relies establishes the propriety of the summary judgment. *Archer v. Storm Nursery, Inc.*, 512 S.W.2d 82, 83 (Tex.Civ.App.—San Antonio 1974, no writ).

■ In support of Tijerina's contention that the trial court erred in granting appellee's motion for summary judgment, Tijerina argues that appellee's motion for summary judgment is only a general demurrer which is prohibited by TEX.R.CIV.P. 90 and 91. The gist of his argument is that since Wennermark filed only a general denial in answer to Tijerina's petition, and thereafter filed his motion for summary judgment, that such pleadings do not give Tijerina fair or adequate notice of his defense and do not meet the required pleading standards under TEX.R.CIV.P. 45 in that such pleadings do not state in plain and concise language his grounds for defense and fail to do substantial justice of fair notice. We disagree. Case law recognizes the propriety of a defendant filing a general denial and then choosing to obtain a summary judgment by establishing the absence of a controlling issue essential to plaintiff's recovery. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex. 1975); *Sifford v. Santa Rosa Medical Center*, 524 S.W.2d 559, 561 (Tex.Civ.App.— San Antonio 1975, no writ). Defendant Wennermark was entirely within his legal and procedural rights in filing a general denial in order to put plaintiff's case in issue. TEX.R.CIV.P. 92. Defendant has chosen as his ground for defense a summary judgment on the whole case. A general denial is procedurally proper because all he needs to show for a summary judgment in his favor is that plaintiff cannot establish one essential element of his cause of action; and therefore, as a matter of law, he is not entitled to recover.

Tijerina also objects to the form of defendant's motion for summary judgment, contending: (1) that defendant failed to attach all the criminal proceedings since the plea and sentencing hearings statements of fact were not introduced into evidence; and (2) that a certified copy of criminal proceedings could not be incorporated by reference into a motion for summary judgment. This last contention is raised for the first time on this appeal.

■ Appellee correctly contends: (1) that plaintiff waived any defect in the form of the affidavit by defendant by not objecting to such alleged defects in the trial court, *Westchester Fire Insurance Co. v. Alvarez*, 576 S.W.2d 771, 773 (Tex.1978); TEX.R.CIV.P. 166–A(e); and (2) that, in any event, the certified criminal proceedings are not merely incorporated by reference, but they are also attached to the motion for summary judgment. In *Citizens State Bank of Dickinson v. Shapiro*, 575 S.W.2d 375, 382–83 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.), it was held that summary judgment proof accompanying a motion for summary judgment need not be in the form of an affidavit, but it may be attached to the motion or affidavit.

Tijerina also complains that defendant's motion for summary judgment is improper because appellee's supporting affidavit contains only his opinion and conclusions. In

actuality the affidavit contains both statements of fact regarding actions Wennermark took during his legal representation of Tijerina and expert opinion testimony. In such affidavit he states that he searched the record and discussed the circumstances of the criminal charges and the lack of an adequate defense with Tijerina. He also states that thereafter he sought to obtain, through plea bargaining, a reduction of a sentence of fifty years to a lesser sentence. Thereafter he was offered a plea bargain of thirty years. He discussed this offer with Tijerina and gave his opinion in regards thereto, but he did not force Tijerina to plead guilty.

Wennermark also states that he did not appeal the trial court's ruling on the motion to quash in that he originally filed the motion to delay the case, and that after thoroughly researching the actual law he decided that an appeal would be fruitless. The affidavit does contain opinion testimony which is necessary to establish the reasonableness of his conduct of Tijerina's defense and whether he breached any duty of care to his client.

 Defendant, as an attorney practicing law in San Antonio for a number of years, is qualified to offer an expert opinion to establish the standard of competency for legal representation in San Antonio, and Wennermark stated his opinion that he met that standard. In *Duncan v. Horning*, 587 S.W.2d 471 (Tex.Civ.App.—Dallas 1979, no writ), the affidavit of the defendant dentist in a malpractice case describes his services to plaintiff and states such services were in accordance with the standards of care in such locality. Such testimony was held by the court as sufficient proof to support a summary judgment in the dentist's favor. *See also Wilson v. Scott*, 412 S.W.2d 299 (Tex.1967); *McMillan v. L.D.L.R.*, 645 S.W.2d 836 (Tex.Civ. App.—Corpus Christi 1982, writ ref'd n.r. e.); *Cook v. Irion*, 409 S.W.2d 475 (Tex.Civ. App.—San Antonio 1966, no writ).

 A legal malpractice claim sounds in tort, and plaintiff must show that the action or inaction of the attorney is the proximate cause of some injury to him. *Citizens State Bank of Dickinson v. Shapiro*, 575 S.W.2d 375, 386 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.).

Cases in other jurisdictions have held that once an attorney movant in a malpractice summary judgment proceeding tenders expert opinion establishing the conformance of his acts with the standard of care in such locality, the client non-movant then must also offer expert testimony to contradict the movant's expert testimony in order to establish a genuine issue as to the attorney's negligence. *Gibson v. Talley*, 156 Ga.App. 593, 275 S.E.2d 154, 156 (1980); *Sanders v. Smith*, 83 N.M. 706, 496 P.2d 1102, 1104 (1972); Annot., 14 A.L.R. 4th 170, 173 (1982). Tijerina offered no expert testimony.

This is a summary judgment proceeding in which Wennermark, as defendant, filed a motion for summary judgment in the trial court. Tijerina correctly states that in a summary judgment proceeding, the party moving for a summary judgment has the burden of establishing that no material fact issues exist and that he is entitled to a summary judgment as a matter of law. Wennermark asserts that he has met his burden and that his summary judgment proof establishes as a matter of law that: (1) Tijerina was not harmed or injured by Wennermark's representation of him in the two criminal cases, and (2) Tijerina's own testimony in the trial court establishes the absence of any duress.

 Summary judgment for a plaintiff is appropriate only if plaintiff proves each element of his theory of recovery as a matter of law. However, it is well established that when a defendant offers several alternative theories why a summary judgment should be granted, and the court grants the motion on more than one theory or fails to state the basis of granting the summary judgment, the trial court's action should be affirmed if any of the defendant's several theories are meritorious. Granted this fact, an appellant from a summary judgment for defendant has the bur-

den to address each of the defendant's theories why plaintiff's cause of action is fundamentally defective in order to show the trial court's error. An appellant's failure to address each theory which might support the trial court's action necessitates an affirmance. *Southerland v. Northeast Datsun, Inc.,* 659 S.W.2d 889, 891 (Tex. App.—El Paso 1983, no writ).

 Once the movant has met his summary judgment burden to establish the absence of an essential element of plaintiff's cause of action, the non-movant must offer some evidence of the existence of that essential element in order to raise a genuine issue of fact. *Eubanks v. Hughes Engineering Co.,* 369 S.W.2d 49, 50, 51 (Tex. Civ.App.—Fort Worth 1963, writ ref'd n.r. e.).

The Texas Supreme Court in the *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979), discussed the non-movant's burden under Rule 166–A(c) to expressly present to the trial court any issue raised by the summary judgment proof and held that if the non-movant fails to do so, these issues shall not be considered on appeal as grounds for reversal of the summary judgment.

Plaintiff as non-movant expressly presented to the trial court the existence of only one issue—duress on the guilty pleas. The record negates this issue by Tijerina's own sworn testimony in the trial court in which he states that he was pleading guilty only because he was guilty, that nobody forced him to plead guilty, and that he was doing so freely and voluntarily.

We have considered that: (1) plaintiff Tijerina has wholly failed to prove that he suffered any harm or injury arising out of, or resulting from, defendant Wennermark's representation of him in the two criminal cases filed against Tijerina in Bexar County, Texas; (2) Tijerina's claim that he pled guilty under duress is totally refuted by his own sworn testimony in the trial court; (3) Wennermark's motion for summary judgment is not a general demurrer; and (4) the trial court correctly granted

Wennermark's motion for summary judgment.

All of Tijerina's points of error have been considered and all are overruled.

The judgment of the trial court is affirmed.