Frank COSGROVE, Appellant,

v.

Walter GRIMES, et al., Appellees.

No. 01–87–00683–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 31, 1988.
Rehearing Denied Sept. 29, 1988.

Timothy H. Pletcher, Houston, for appellant.

George D. Gordon, Houston, for appellees.

Before EVANS, C.J., and SAM BASS and DUNN, JJ.

## OPINION

DUNN, Justice.

This is an appeal from a legal malpractice suit in which the trial court granted a take nothing judgment against appellee, attorney Walter Grimes ("Grimes"). Grimes, representing appellant, Frank Cosgrove ("Cosgrove"), in a personal injury suit for damages sustained in an automobile collision, filed suit against the passenger, Timothy Purnell ("Purnell"), instead of the driver of the vehicle that hit Cosgrove. He also alleged in the petition the wrong streets in Baytown where the accident occurred on July 15, 1976.

Cosgrove had initially retained attorney Ed Bass ("Bass"), who left town and, according to Cosgrove's testimony, told Cosgrove that he turned the case over to Grimes, whose name Bass also included on Cosgrove's power of attorney. However, Grimes testified that the first time he knew of the case was when Cosgrove came to his office on July 10, 1978, five days before the statute of limitations was to run, and gave him the information, on which he relied, regarding the name of the party to sue and the location of the accident.

Cosgrove did not realize Grimes' mistake until another attorney pointed it out to him in 1981, at which time he filed suit against Grimes, Bass, and a third attorney, Don Hendrix, who was later dropped. Cosgrove alleged negligence, breach of contract, and violation of the Texas Deceptive Trade Practices Act ("DTPA") under the theory of breach of implied warranty. This action was consolidated with the earlier filed personal injury suit.

All special issues submitted by Cosgrove on his negligence cause of action were answered favorably by the jury, including findings that Grimes was negligent, that he failed to exercise reasonable and ordinary care and diligence, and that his negligence was the proximate cause of damage to Cosgrove. The jury's answers also established that had the right party been sued, Cosgrove would have recovered damages, and the amount of damages he would have recovered. No special issues were submitted against Bass, who had since died.

However, the jury also answered favorably to the two special issues submitted by Grimes that Grimes, "in good faith and honest belief, relied on information given to him by the plaintiff," and that based on the information, he acted in the best interest of his client.

After the verdict, Cosgrove and Grimes each moved for judgment on the verdict, and later Cosgrove filed a motion to disregard the two special issues found favorable to Grimes. The trial court denied Cosgrove's motion to disregard and entered judgment that Cosgrove take nothing from Grimes, Bass, or Purnell.

Appellant brings two points of error. In point of error one, he argues that the court erred in rendering judgment that he taking nothing against Grimes because the jury's answers to his special issues established both his negligence and DTPA cause of action, and that the "good faith" exception established in *Cook v. Irion*, 409 S.W.2d 475, 477 (Tex.Civ.App.—San Antonio 1966, no writ), for errors in judgment in legal malpractice cases, is not applicable to the facts in this case. In point of error two, appellant argues that even if the "good faith" exception were applicable, the trial court erred in submitting, over his objections, the special issues on "good faith" and "best interest." His main argument is that the special issues were inferential rebuttals and not defensive issues; but that

if they were defensive issues, they did not include all of the elements of the defense. He also argues that they were evidentiary, and not controlling issues. These were the same objections made at trial.

■ In addition to his argument that the "good faith" exception is applicable, Grimes, in his reply brief, attacks the sufficiency of the evidence to support special issues finding a negligence cause of action. By moving for judgment in accordance with the jury verdict without a motion to disregard unfavorable answers, Grimes affirmed that the jury's findings on all material issues were supported by the evidence, and he is bound thereby. *American Sur. Co. v. Whitehead*, 45 S.W.2d 958, 961 (Tex. Comm'n App.1932, holding approved); *Williams v. Finley*, 567 S.W.2d 611, 612 (Tex.Civ.App.—Amarillo 1978, writ ref'd n.r.e.). Thus, Grimes may not now contend that there was no evidence to support the special issues challenged. *See Braswell v. Braswell*, 476 S.W.2d 444, 446 (Tex.Civ. App.—Waco 1972, writ dism'd w.o.j.).

Our determination of the correctness of the judgment, therefore, involves an examination of the special issues on good faith and best interest to determine whether they could support the judgment, in light of the other issues answered favorable to Cosgrove on his negligence claim. The main question before this Court is whether the "good faith" exception applies to the facts in this case. If so, we must further determine whether the trial court erred in submitting the "good faith" exception as a defensive issue, rather than as an inferential rebuttal.

In *Cook*, the San Antonio court established a "good faith" standard for negligence in certain legal malpractice claims, holding that an attorney is not liable for an error in judgment if he acts in good faith and with the honest belief that his advice and acts are well-founded and in the best interest of his client. 409 S.W.2d at 477 (citing *Great American Indem. Co. v. Dabney*, 128 S.W.2d 496 (Tex.Civ.App.— Amarillo 1939, writ dism'd judgmt cor.) (an attorney does not necessarily incur liability if he acts in good faith)).

■ This "good faith" exception is limited to errors in judgment, and applies only "in those situations where the attorney exercises his best judgment believing that his decision is in the best interest of his client." *State v. Baker*, 539 S.W.2d 367, 375 (Tex. Civ.App.—Austin 1976, writ ref'd n.r.e.) (refusing to apply it in a disbarment proceeding for violation of a disciplinary rule prohibiting receiving compensation from anyone other than one's client); *see also Archer v. State*, 548 S.W.2d 71, 74 (Tex.Civ.App. —El Paso 1977, writ ref'd n.r.e.) (finding the "good faith" exception inapplicable for violation of disciplinary rule against commingling). The "good faith" exception has also been held not to excuse false statements that suit had been filed and failure to file that suit prior to the running of the statute of limitations. *Hicks v. State*, 422 S.W.2d 539, 542 (Tex.Civ.App.—Houston [14th Dist.] 1967, writ ref'd n.r.e.).

■ In *Cook*, the error in judgment was filing suit against only one of three possible defendants, against whom the plaintiff was unsuccessful in collecting damages for injuries sustained in a fall over a television cable at a shopping center. *See also Medrano v. Miller*, 608 S.W.2d 781 (Tex.App. —San Antonio 1980, writ ref'd n.r.e.) (applying the "good faith" exception to attorney's failure to dispose of his client's non-vested military pension in a divorce case and to warn him of possible later partition action based on the unclear law at that time). We recognize the duty incumbent upon all attorneys to conduct reasonable investigation of a client's cause of action and to file suit against the proper party. However, where this duty is coupled with circumstances as in this case, we find that Grimes' decision that he could rely on the basic information provided him by this particular client, without further investigation prior to filing suit within a five-day deadline, was a judgment call to which the good faith exception applies. We also find that the evidence supports finding that Grimes acted in good faith in relying on that information, and in honest belief that his acts were well-founded and in the interest of his client.

The record reflects that Grimes testified that Cosgrove first contacted him on July 10, 1978, five days before the statute of limitations was to run on his suit, and gave him the name of Timothy Purnell as the person to sue and Cheswood and Joiner streets in Baytown as the location of the accident. This testimony was supported by Cosgrove's case history form, entered into evidence, that was filled out by Grimes on July 10, 1978, and was part of his business records. He further testified that he judged Cosgrove to be an intelligent man, in the insurance business for himself, and one on whom he could rely for the basic facts. He explained that when Cosgrove came in his office, he was in the middle of writing a brief that had a tight deadline, and that he finished it on July 12th. Because of the time constraints and the need to serve a party out of the county, he personally walked the papers on Cosgrove's suit through at that time. He also wrote a letter on July 12th, introduced into evidence, to the Baytown Police Department requesting the accident report.

Grimes also denied that Bass had referred Cosgrove's case to him, testifying that he was not aware that Bass included his name on Cosgrove's power of attorney, and that he never had a professional association with Bass, either as a partner of Bass or by sharing offices with him. He further testified that even though Cosgrove was sent copies of the lawsuit and certified mail showing the style of the case, entered into evidence, the first time he was informed that the wrong party had been sued was when this lawsuit was filed in 1981.

■ Having found that the "good faith" exception does apply to the facts of this case, and that the evidence supports finding such an exception, we must determine whether the trial court erred in submitting the "good faith" exception as a defensive issue rather than as an inferential rebuttal. An inferential rebuttal issue is one that seeks to disprove the existence of an essential element submitted in another issue. *Select Ins. Co. v. Boucher*, 561 S.W.2d 474, 477 (Tex.1978).

Commentators have categorized the "good faith" exception as a defensive issue, although *Cook* did not label it as such. Ward, *Legal Malpractice in Texas*, 19 S.Tex.L.J. 587, 609 (1978). *Cook* implies that the "good faith" exception was the standard on which the plaintiff had to prove his negligence claim, and not a defensive issue with the burden on the defendant/attorney. *See Cook*, 608 S.W.2d at 477–78 (affirming an instructed verdict for the attorney because the plaintiff failed to raise a fact issue of negligence in the absence of pleadings or evidence that the attorney did not act in good faith); *see also Medrano*, 608 S.W.2d at 784 (affirming a summary judgment for the attorney/defendant in the absence of evidence negating the "good faith" exception).

In addition to commentators, other courts have also referred to the "good faith" exception as a defensive issue in disbarment proceedings, although finding it not applicable to the charges involved. *See Archer*, 548 S.W.2d at 74; *Baker*, 539 S.W.2d at 375 (both involving violation of disciplinary rules); *Hicks*, 422 S.W.2d at 542. In *Hicks*, the court held that refusal of a defensive issue on good faith was not error in a disbarment proceeding based on claims of fraudulent and dishonorable conduct and malpractice (erroneously defined as *intentional* failure to perform one's duty), because the issues and definitions constituted submission of issues of good faith, and thus good faith was not an affirmative defense. 422 S.W.2d at 542.

■ Negligence was defined in the charge as "failure to use ordinary care; that is to say, failure to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances." Unlike the definitions of fraudulent and dishonorable conduct in *Hicks*, lack of good faith is not implied in the definition of negligence. Therefore the trial court did not err in submitting the good faith and best interest special issues as defensive

issues, overruling appellant's objection that they were inferential rebuttals.

▇ Appellant, in the alternative, argues that if the special issues are defensive issues, they did not include all of the elements of the defense, the same objection raised at trial. The two special issues asked if the jury found from a preponderance of the evidence that Grimes, "in good faith and in honest belief, relied upon the information given to him by the Plaintiff?" and that Grimes, "based upon the information given by the Plaintiff, Frank Cosgrove, acted in the best interest of the client?"

▇ We recognize that these special issues do not include the exact elements, as set out in *Cook*, of good faith and honest belief that one's advice and acts are well-founded and in the best interest of his client. However, we find that they sufficiently track the language so as to have the same meaning, and that appellant's objection that they did not include all of the elements of a defense was not specific enough to apprise the court of any possible defect, as required by Tex.R.Civ.P. 274.

Having found sufficient evidence to support the good faith exception as set out in *Cook*, we hold that any missing elements of the good faith defense to negligence are deemed in support of the judgment. *See Harmes v. Arklatex Corp.*, 615 S.W.2d 177, 179 (Tex.1981).

▇ In regard to appellant's claim under his DTPA cause of action, we find that should such a cause of action have been applicable to the facts of this case, appellant failed to submit any special issues supporting that claim. We therefore hold that the trial court did not err in denying any damages under the DTPA cause of action.

Both of appellant's points of error are overruled.

Appellee raises three cross-points of error. Because we have overruled appellant's points of error, we need not address appellees' cross-points one and three that do not seek any additional relief.

In cross-point two, appellees contend that the trial court erred in not rendering judgment in favor of Hendrix for attorney's fees. Hendrix, who was dropped as a defendant, allegedly requested attorney's fees in a counterclaim that the DPTA suit against him was brought in bad faith and for harassment. The jury, while establishing an amount for attorney's fees for Hendrix, found that the suit was not brought in bad faith and for harassment.

The counterclaim is not part of the record before this Court, nor does the court's judgment on appeal mention Hendrix as a party to the suit. Also, by moving for judgment in accordance with the jury verdict without a motion to disregard unfavorable answers, appellees waived their right to challenge any unfavorable answers. *See American Sur. Co.*, 45 S.W.2d at 961; *Braswell*, 476 S.W.2d at 446. We note that this action also bars the arguments raised in points of error one and three. Appellees' cross-points are overruled.

The judgment of the trial court is affirmed.

SAM BASS, J., dissents.

SAM BASS, Justice, dissenting.

I respectfully dissent.

I disagree with the majority's holding that the "good faith" exception to legal malpractice applies under the facts of this case.

In *Patterson & Wallace v. Frazer*, 79 S.W. 1077 (Tex.Civ.App.1904), 93 S.W. 146 (Tex.Civ.App.), *rev'd on other grounds*, 100 Tex. 103, 94 S.W. 324 (1906), the Texas Supreme Court approved an ordinary negligence standard in legal malpractice cases, abandoning the previous requirement of gross misfeasance. The jury charge in *Patterson* contained the following standard of care:

Attorneys at law engaged in the practice of their profession are held to undertake to use a reasonable degree of care and skill, and to possess, to a reasonable extent, the knowledge requisite to a proper performance of the duties of their profes-

sion; ... He only undertakes to avoid errors which members of his profession, in ordinary prudence, learning, diligence, and skill, would not commit. An attorney is not liable as to a question of law upon which reasonable doubt may be entertained by lawyers of ordinary learning and skill, nor is he answerable for errors in judgment upon doubtful points, upon which lawyers of ordinary learning and ability may reasonably differ, but errors as to questions of law which an attorney with reasonable capacity, with ordinary investigation, might know, is a ground for liability, where injury results therefrom. By 'reasonable care and skill' and 'reasonable knowledge' is meant such a degree of care, diligence, and skill as a practicing lawyer of ordinary skill and prudence and knowledge of the law would exercise in case of like character under like circumstances....

In *Cook v. Irion*, 409 S.W.2d at 477, the San Antonio Court of Appeals further held that an attorney is not liable "for an error in judgment if he acts in good faith and in an honest belief that his advice and acts are well founded and in the best interest of his client." As acknowledged by the majority, this good faith defense has been held to apply only "in those situations where the attorney exercises his best judgment believing that his decision is in the best interest of his client." *State v. Baker*, 539 S.W.2d at 375. An attorney relying on this defense therefore must exercise judgment in a *decisional* matter on issues upon which reasonable attorneys might differ, i.e. employ certain tactics or strategies in representing his client. For example, in *Cook v. Irion*, 400 S.W.2d at 475, the attorney was faced with three proper defendants and made a tactical decision to sue only one. Here, however, Grimes did not choose between several proper defendants; rather, he sued the improper party. Furthermore, Grimes admitted that he filed suit based solely on his client's information without making a preliminary investigation, such as attempting to contact Purnell to verify the accident. While an attorney is not answerable for errors in judgment upon which reasonable attorneys might dif-

fer, an attorney is negligent if he fails to make a reasonable investigation. *See Patterson*, 79 S.W. at 1079.

I would further hold that the "good faith" standard, as promulgated by *Cook v. Irion*, be abandoned. The Texas Supreme Court in *Patterson* approved an ordinary negligence standard wherein an attorney must be judged on a purely objective basis, as are members of other professions. The "good faith" defense, however, applies a subjective rule that allows a negligent attorney to be absolved of liability when he makes a "mere error in judgment." By carving out a "good faith" exception in legal malpractice cases, the Texas courts have lowered the standard of care for attorneys. This is inconsistent with the ordinary negligence standard under which other professions are judged and with the duty of the legal profession to protect the interests of clients who have been injured by an attorney's negligence. *See* Ward, *Legal Malpractice in Texas*, 19 S.Tex.L.J. 587, 591 (1978).

I would therefore reverse that part of the judgment providing that Cosgrove take nothing from Grimes and render judgment for Cosgrove.