Susan B. MEEK, M.D., J.D., Appellant,

v.

BISHOP PETERSON & SHARP, P.C., Appellee.

No. 14–94–00749–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 14, 1996.

Rehearing Overruled April 25, 1996.

---

John L. Barnes, Houston, for appellants.

George M. Bishop, Houston, for appellees.

Before LEE, HUDSON and EDELMAN, JJ.

## OPINION

EDELMAN, Justice.

In this suit for collection of attorneys fees, Susan B. Meek appeals from a judgment entered in favor of Bishop Peterson & Sharp, P.C. ("Bishop") on the grounds that (1) the trial court entered a judgment for negligence when the correct cause of action was breach of contract, (2) exemplary damages were awarded for fraud when no actual damages for fraud were found, and (3) post-judgment sanctions were not warranted. We affirm in part and reverse and render in part.

Bishop is a law firm which represented Meek in a lawsuit.[1] When Meek failed to pay its fees and costs, Bishop withdrew from the representation and filed suit against Meek for collection, alleging fraud and breach of contract. Meek counterclaimed for legal malpractice and violations of the Deceptive Trade Practices Act. Bishop denied these counterclaims and pled contributory negligence.

The jury found that (a) Meek owed Bishop fees of $7,181.55 for services rendered in her original lawsuit, (b) reasonable attorneys fees for the lawsuit by Bishop against Meek were $130,716.12, (c) while Bishop represented Meek, only Meek, and not Bishop, was negli-

gent, but Meek's negligence did not cause damages to her, (d) Bishop did not engage in false, misleading or deceptive practices in representing Meek, (e) only Meek, and not Bishop, committed fraud in this matter, and (f) Bishop should be awarded $50,000 exemplary damages. The trial court entered judgment pursuant to this verdict and later assessed post-judgment sanctions against Meek for discovery abuse, and against Meek, her trial counsel, and appellate counsel for violations of Rule 13 of the Texas Rules of Civil Procedure.

### Negligence and Breach of Contract

In the first of her three points of error, Meek contends that the trial court erred by entering a judgment for negligence when Bishop's cause of action was for breach of contract. In support of this contention, Meek argues that Bishop waived any claim for negligence by failing to plead negligence or seek a trial amendment, that Meek owed no duty to Bishop, and that no personal injury damages were pled or proved.

At no time did Bishop assert an affirmative claim for recovery against Meek for negligence. Instead, Bishop sued Meek for legal fees, Meek asserted a counterclaim for legal malpractice, and Bishop pled contributory negligence as an affirmative defense to that counterclaim. The treatment of negligence in the jury charge is consistent with the pleadings. Therefore, we find no indication that the trial court awarded damages against Meek for negligence.[2]

Meek also argues that Bishop waived any damages awarded for breach of contract because the entire breach of contract claim was omitted from the jury charge. In particular, questions were not submitted to the jury regarding the existence of a contract or a failure to perform it, but only regarding the amount owed for services rendered.

---

1. Within the Bishop law firm, the lawyer representing Meek was George Bishop who will be referred to herein individually, where necessary, as George Bishop.

2. In further support of her first point of error, Meek argues that tort damages are not recovera-

ble for breach of contract. Since this argument is made in connection with the point of error concerning negligence, we assume the "tort damages" to which it refers are for negligence. As stated above, we find no indication that any such negligence damages were awarded.

■ Whether a party has breached a contract is a question of law for the court, not a question of fact for the jury. *Garza v. Southland Corp.,* 836 S.W.2d 214, 219 (Tex. App.—Houston [14th Dist.] 1992, no writ). The court determines what conduct is required by the parties, and, insofar as a dispute exists concerning the failure of a party to perform the contract, the court submits the disputed fact questions to the jury. *ITT Commercial Fin. Corp. v. Riehn,* 796 S.W.2d 248, 253 n. 3 (Tex.App.—Dallas 1990, no writ). Conversely, when facts are undisputed or conclusively established, there is no need to submit issues thereon to the jury. *Sullivan v. Barnett,* 471 S.W.2d 39, 44 (Tex. 1971).

In this case, the existence of the contract and Meek's failure to pay Bishop's fees were undisputed. Meek herself testified that she had an oral contract with Bishop and that she did not pay the bills. Therefore, no issue regarding the existence of a contract or a breach needed to be submitted, and Bishop's failure to do so did not waive its claim for breach of contract. Accordingly, Meek's first point of error is overruled.

### Exemplary Damages

■ In her second point of error, Meek contends that the trial court erred by awarding exemplary damages for fraud because no actual damages were found for fraud. She acknowledges the jury's respective findings of fraud and actual damages, but complains that the actual damages question did not state that those damages resulted from the fraud.

The actual damage question in this case asked what amount of money, if any, the jury found, from a preponderance of the evidence, that Meek owed Bishop for legal fees for services Bishop rendered in her original lawsuit. No separate damage questions were requested by either side for breach of contract and fraud, nor did either side object to the failure to submit separate damage questions. However, Meek did object to submission of the jury questions on both actual and exemplary damages against her on no evidence grounds.

■ The contractual relationship between parties may create duties under both contract and tort law, and the acts of a party may breach the duties in tort or contract alone or simultaneously in both. *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617, 618 (Tex.1986). The nature of the injury most often determines which duties are breached. *Id.* When the injury is only the economic loss to the subject of the contract itself, the action sounds in contract alone. *Id.*

■ Punitive damages are not recoverable for breach of contract. *Bellefonte Underwriters Ins. Co. v. Brown,* 704 S.W.2d 742, 745 (Tex.1986). To support an award of exemplary damages, a plaintiff must prove a distinct tortious injury with actual damages therefor. *Federal Express Corp. v. Dutschmann,* 846 S.W.2d 282, 284 (Tex.1993); *Jim Walter Homes,* 711 S.W.2d at 618. Where there are no other injuries found by the jury other than loss of the benefit of the bargain, *i.e.,* those sounding only in contract, such a distinct tortious injury is not shown and an award of exemplary damages must be reversed. *Federal Express,* 846 S.W.2d at 284; *Jim Walter Homes,* 711 S.W.2d at 618; *Texas Nat'l Bank v. Karnes,* 717 S.W.2d 901, 903 (Tex.1986). In other words, where compensatory damages for both the contract and tort theories could not be awarded without granting a double recovery, an award of exemplary damages is improper. *American Nat'l Petroleum Co. v. Transcontinental Gas Pipe Line Corp.,* 798 S.W.2d 274, 283 n. 6 (Tex.1990) (Gonzalez, J., dissenting). Moreover, where a jury finds no actual damages in tort, an appeals court may not imply such a finding. *Bellefonte,* 704 S.W.2d at 744–45.

■ In this case, the actual damages awarded were for legal services rendered by Bishop to Meek. The injury suffered by Bishop arose from the non-payment of those fees pursuant to the contract. There was no proof or finding of a distinct tortious injury which resulted in actual damages apart from those suffered for the breach of contract. Under these circumstances, the award of exemplary damages was improper and must be reversed. Moreover, because the complaint was preserved by Meek by a no evidence objection to the submission of the jury ques-

tion on exemplary damages, the proper disposition is to render judgment vacating the portion of the trial court's judgment awarding exemplary damages. *See Texas Nat'l Bank*, 717 S.W.2d at 903; *Hebisen v. Nassau Dev. Co.*, 754 S.W.2d 345, 348–49 (Tex.App.—Houston [14th Dist.] 1988, writ denied).

## Sanctions

■ In her third point of error, Meek claims that the trial court erred in granting various post-judgment sanctions. The standard of review for imposition of sanctions is abuse of discretion. *Koslow's v. Mackie*, 796 S.W.2d 700, 704 (Tex.1990).

■ The first of the sanctions challenged was an order that Meek pay Bishop $1500 in attorneys fees plus $150 for a certificate of nonattendance for twice failing to attend a deposition. Meek complains that Bishop failed to allege Meek's failure to attend the depositions was wilful. However, Rule 215 of the Texas Rules of Civil Procedure provides that "[a] party upon reasonable notice to other parties ... may apply for sanctions ... if a party ... fails to appear before the officer who is to take his deposition, after being served with a proper notice...." TEX. R.CIV.P. 215. Thus, there is no requirement that such failure be wilful.

■ Meek also complains that Bishop failed to file "any proof of service" with Bishop's first motion for sanctions. A certificate of service is prima facie evidence of service. TEX.R.CIV.P. 21a. Rule 21a creates a presumption that a document properly sent is received by the addressee. *Thomas v. Ray*, 889 S.W.2d 237, 238 (Tex.1994). This presumption may be rebutted by an offer of proof of nonreceipt. *Id.* In the absence of any proof to the contrary, the presumption has the force of a rule of law. *Id.*

■ In this case, the motion for sanctions contained a certificate of service certifying that a copy of the motion was sent by U.S. mail to Meek's attorney on the date specified. Since Meek made no offer of proof suggesting nonreceipt, service is presumed.

■ Meek also argues that the court's award of sanctions without an oral hearing was contrary to Rule 215 of the Texas Rules of Civil Procedure. However, Rule 215 does not require an oral hearing on a motion for sanctions. *Classic Promotions, Inc. v. Shafer*, 846 S.W.2d 948, 950 (Tex.App.—Houston [14th Dist.] 1993, no writ). Moreover, after the motion in this case was set for submission without hearing, the trial judge expressly advised the parties that they could request an oral hearing on it, and neither party did so.

■ Meek also complains of a second sanction that she claims was imposed for the breach of agreements that were not filed with the court pursuant to Rule 11 of the Texas Rules of Civil Procedure. However, the order granting this sanction is not in the record. Therefore, nothing is presented for our review. TEX.R.APP.P. 50(d).

■ The third sanction of which Meek complains assessed Rule 13 sanctions against Meek and her attorneys. After the trial of this case, Meek filed a "Motion to Preserve Evidence" to preserve the addresses of the jury members because, as Meek's appellate counsel stated at the hearing, "[I]t came to light that perhaps somehow they were given figures that were not introduced in evidence at trial." He further stated

[W]e are not necessarily making any accusations at this point. There is (sic) sufficient grounds to warrant further investigation. And the sole purpose of this Motion is to ask the Court to preserve that list so that [Meek] will have that available to her so she can do further investigation, specifically for a grievance which she has filed with the State Bar against George Bishop and Bishop, Peterson & Sharp.

However, the motion affirmatively stated that Bishop had "caused improper documentation to be passed to the jury during deliberations."

At Bishop's request, Meek's trial counsel was called to testify and stated that he had no evidence that Bishop had passed any documentation to the jury, but that he had spoken to a juror who "expressed concern about where the numbers were coming from," presumably in the jury's assessment of damages.

At a second hearing, Bishop submitted affidavits from five of the jurors. The juror who had allegedly expressed this concern stated that he had not told Meek or her counsel that any documentation had been passed, and all five jurors stated that no documentation had ever been passed to them. Meek's appellate counsel then testified that he had been informed that an unknown husband of an unknown witness had overheard jurors discussing the case in the hallway outside the court room and that those jurors said they had "to fix Dr. Meek." He further testified that he was attempting to investigate the incident and had been unable to speak to the man who had overheard the jurors, but maintained that the allegation against Bishop was the only logical deduction that could be drawn from the overheard discussion.

The trial court awarded Bishop $500 against Meek, her trial counsel, and appellate counsel, jointly and severally. Its order stated that Meek's Motion to Preserve Evidence alleging Bishop had passed documentation was "... without merit and groundless, it was made in bad faith without supporting evidence and was done solely for the purposes of harassment.... No evidence was submitted to the Court to support the serious charges made against [Bishop] in this motion and it was in violation of Rule 13 of the Texas Rules of Civil Procedure."

On appeal, Meek argues that her attorneys had been put on notice of facts that required them to investigate possible wrongdoing and they should not have been sanctioned for doing so.

■ Rule 13 of the Texas Rules of Civil Procedure provides in part:

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule

215–2b, upon the person who signed it, a represented party, or both.

Tex.R.Civ.P. 13. Under Rule 13, papers are presumed to be filed in good faith, and the burden is on the party moving for sanctions to overcome this presumption. *GTE Comm. Sys. Corp. v. Tanner,* 856 S.W.2d 725, 731 (Tex.1993).

In this case, Meek's attorneys could have asserted a motion to preserve evidence simply on the basis that a juror had expressed concern over the manner in which damages were assessed, and without making the serious and groundless allegation that Bishop had unlawfully passed information to the jury. Under the circumstances presented, we cannot say that the imposition of Rule 13 sanctions against Meek and her counsel was an abuse of discretion. Thus, Meek's third point of error is overruled.

Accordingly, the portion of the trial court's judgment awarding exemplary damages is reversed and vacated, and the remainder of that judgment is affirmed.