**Officer Nathan GEICK and Officer Henry Cortez, Appellants,**

v.

**Kathy Lynn ZIGLER and Gene Zigler, Jr., Appellees.**

**No. 14–96–01456–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 27, 1998.

William S., Helfand, Houston, Texas, for appellant.

Steven B., Harris, Houston, Texas, Donald W., Gould, II, Houston, Texas, for appellee.

Before Chief Justice MURPHY, and Justices ANDERSON and O'NEILL.

**OPINION**

MURPHY, Chief Justice.

This is an interlocutory appeal from a trial court's denial of appellants' motion for summary judgment. In a single point of error, appellants argue the trial court erred in denying their motion for summary judgment based on qualified immunity. Because we feel the appellants failed to meet their burden of proof for summary judgment under *City of Lancaster v. Chambers*, 883 S.W.2d 650 (Tex.1994), we affirm the trial court's denial of appellants' motion for summary judgment.

## I. Facts

While investigating an attempt to pass a forged prescription at a Harris County pharmacy, appellants, Deer Park police officers, went to appellees' residence. After questioning Kathy Zigler, Officer Geick handcuffed her and returned her to the pharmacy for identification. Before leaving the Zigler residence, Officer Cortez followed Gene Zigler into the house, but left when Mr. Zigler demanded he do so. At the pharmacy, witnesses to the alleged offense told the officers Kathy Zigler was not the suspect. The Ziglers filed suit for damages, claiming the arrest and entry into their house was illegal. Appellants filed a motion for summary judgment based on official immunity.

In support of their motion for summary judgment, appellants attached an affidavit by Officer Geick. According to Officer Geick, he called a Harris County assistant district attorney named Gonzales, who told him to return Kathy Zigler to the pharmacy if the description matched. He also claimed in an affidavit that Kathy Zigler returned voluntarily, and that Gene Zigler "became very belligerent" toward the officers, which led him to instruct Cortez to follow him into the house for the officers' protection.

The appellees' summary judgment proof included Kathy Zigler's affidavit describing her encounter with the two officers. She indicated that Geick told her at the outset of their meeting that she was "under detention" and that she would have to accompany him back to the pharmacy. She then agreed to

return with the officers and called her husband from inside the house to tell him she was going. When her husband arrived, he asked the officers if his wife was under arrest. When Geick replied that she was not under arrest but merely under "detention," Mr. Zigler said she should be free to remain there. Zigler said Geick told her and her husband that she had no choice; they could "do this the easy way or the hard way but your wife is coming with us." According to Mrs. Zigler, she again agreed to go with the officers and asked her husband to bring her shoes from the house. When Mr. Zigler entered the home, Officer Cortez followed him inside. When Mr. Zigler demanded Cortez leave the house, he did so. With Mr. Zigler still inside, Geick handcuffed Mrs. Zigler, placed her in the backseat of his squad car, and drove to the pharmacy. According to Mrs. Zigler, the pharmacist immediately cleared her, but the officers left her handcuffed in the car for another five to ten minutes.

The Ziglers also offered the internal police department investigation report, which concluded that (1) the district attorney told Geick the offense was a misdemeanor and discouraged him from arresting Zigler; (2) Geick's supervising officer did not approve Zigler's arrest; (3) Zigler did not match the clothing or physical description of the suspect; (4) despite Geick's contention that he merely "detained" Zigler, she was "clearly arrested"; and (5) Cortez, who had no involvement in Zigler's actual arrest, did enter the Zigler's home without permission but left when told to do so. The record also contained deposition testimony from the officers' police chief, their immediate supervisor on the night in question, and an officer who helped conduct the department's internal investigation. After reviewing the appellants' motion for summary judgment, the appellees' response, and all the proof offered, the trial court denied appellants' motion. Pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(5) (Vernon 1986), appellants filed this interlocutory appeal, challenging the trial court's denial of their immunity claim.

## II. Summary Judgment

The movant for summary judgment has the burden of showing there is no genuine issue of material fact and he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985). To decide whether there is a disputed material fact issue which precludes summary judgment, proof favorable to the nonmovant will be taken as true. *Id.* Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his favor. *Id.*

A properly pleaded affirmative defense, supported by uncontroverted summary judgment proof, may serve as the basis for a summary judgment. *Roark v. Stallworth Oil & Gas, Inc.,* 813 S.W.2d 492, 494 (Tex.1991). To be entitled to summary judgment on the affirmative defenses of official and sovereign immunity, appellants have the burden to establish all the essential elements of those defenses as a matter of law. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–311 (Tex. 1984); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 679 (Tex.1979).

## III. Proof of Official Immunity

Official immunity is an affirmative defense that shields government employees from suits arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority. *See Chambers,* 883 S.W.2d at 653. We will address whether the officers' actions in this case satisfy each of these three elements; however, the key issue raised by this case is whether they met the requirements of the *Chambers* "good faith" test.

### A. Discretion

Discretionary actions require personal deliberation, decision, and judgment; ministerial actions require obedience to orders or the performance of a duty to which the actor has no choice. *See Chambers,* 883 S.W.2d at 654. Our focus is on whether the officer is performing a discretionary function, not on whether the officer has discretion to do an allegedly wrongful act while discharging that function. *See Id.* at 653. An officer

exercises discretion when he decides whether to make an arrest and the manner of the arrest. *See City of Columbus v. Barnstone,* 921 S.W.2d 268, 273 (Tex.App.—Houston [1st Dist.] 1995, no writ); *Vasquez v. Hernandez,* 844 S.W.2d 802, 804–05 (Tex.App.—San Antonio 1992, writ dism'd w.o.j.). Thus, appellants' conduct in Zigler's detention or arrest was discretionary in nature.

### B. Scope of Authority

■ Appellants acted within the scope of their authority if they were "discharging the duties generally assigned to [them]." *Chambers,* 883 S.W.2d at 658. Appellees have not contested this point. Furthermore, it seems apparent that the investigation of an alleged criminal offense falls within the scope of a police officer's authority. Even if an officer acts negligently, he "acts within the scope of his authority when performing the general duties assigned." *Texas Dept. of Pub. Safety v. Tanner,* 928 S.W.2d 731, 735 (Tex.App.—San Antonio 1996, n.w.h.).

### C. Good Faith

■ For the appellants to have established good faith, they must have shown "reasonably prudent officer[s], under the same or similar circumstances, could have believed" their conduct was lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred. *Chambers,* 883 S.W.2d at 656 (quoting *Swint v. City of Wadley,* 5 F.3d 1435, 1441–42 (11th Cir.1993)). Simple subjective pronouncements of good faith by a defendant-officer, or by experts supporting the officer's assertions, are insufficient as a matter of law to meet the summary judgment movant's burden of showing good faith. *See Wadewitz v. Montgomery,* 951 S.W.2d 464, 467 (Tex.1997). The test for good faith "depends on how a reasonably prudent officer could have assessed both the *need* to which an officer responds and the *risks* of the officer's course of action, based on the officer's perception of the facts at the time of the event." *Id.* Therefore, it is incumbent on an officer asserting official immunity to not only explain "the urgency of the circumstances requiring police intervention[,]" but also address "the degree, likelihood, and ob-

viousness of the risks created" by the officer's actions. *Id.*

■ If the defendant-officer presents sufficient proof to meet his initial summary judgment burden on the issue of good faith, the nonmovant must then controvert his proof with a showing elevated from that usually required of nonmovants in summary judgment proceedings:

> [T]he plaintiff must do more than show that a reasonably prudent officer could have [acted differently]; the plaintiff must show that "no reasonable person in the defendant's position could have thought the facts were such that they justified defendant's acts."

*Chambers,* 883 S.W.2d at 657 (quoting *Post v. City of Fort Lauderdale,* 7 F.3d 1552, 1557 (11th Cir.1993)). We note that, in general, summary judgment is proper and immunity should be recognized on the good faith issue if officers of reasonable competence could disagree on this issue. *See Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271(1986), *cited with approval in Chambers,* 883 S.W.2d at 657.

■ The only proof offered by the appellants in support of their motion for summary judgment was the affidavit of officer Geick. In his affidavit, Geick detailed his version of the events of the night, and then concluded:

> At all times incident to the investigation, I exercised my duties in full compliance with the applicable laws and policies of the City of Deer Park and the State of Texas, in good faith. The decision to question and detain Mrs. Zigler was also made in good faith, pursuant to my discretion as a City of Deer Park Police Officer. At no time did I harbor any ill-will, hard feelings, or malice of any kind toward the Ziglers. I merely attempted to investigate a reported crime to the best of my ability in accordance with my duties as a police officer.

This proof was insufficient to satisfy the appellants' burden, as the summary judgment movant, of showing good faith under *Chambers.* Although Geick's affidavit met the formal requisites of a defendant-officer's affidavit in support of good faith, as the testimony

was clear, positive, direct, otherwise credible, free from contradiction and readily controvertible, *see Harris County v. Ochoa,* 881 S.W.2d 884, 887 (Tex.App.—Houston [14th Dist.] 1994, writ ref'd.); *Rhodes v. Torres,* 901 S.W.2d 794, 798–800 (Tex.App.—Houston [14th Dist.] 1995, no writ.); Tex.R.Civ.P. 166a(c), the affidavit does not proffer any objective substantiation of the contention a reasonably prudent officer, under the same or similar circumstances, could have believed his actions were justified. *See Wadewitz,* 951 S.W.2d at 467. Mere recitations of fact or subjective conclusions will not satisfy the *Chambers* good faith test:

> Good faith can be established by expert testimony that states the underlying facts and relates an objective conclusion, using words similar to those of the *Chambers* test. *See, e.g., Gallia v. Schreiber,* 907 S.W.2d 864, 869–70 (Tex.App.—Houston [1st Dist.] 1995, no writ); *Texas Dep't of Public Safety v. Perez,* 905 S.W.2d 695, 700 (Tex.App.—Houston [14th Dist.] 1995, writ denied); see also Tex.R.Civ.P. 166a(c). However, conclusions that fail to demonstrate an objective approach are insufficient proof. *See, e.g., Cameron County v. Alvarado,* 900 S.W.2d 874, 880–81 (Tex. App.—Corpus Christi 1995, writ dism'd w.o.j.).

*Beatty v. Charles,* 936 S.W.2d 28, 30 (Tex. App.—San Antonio 1996, n.w.h.); *see also Wadewitz,* 951 S.W.2d at 467 ("[c]onclusory statements by an expert are insufficient to support or defeat summary judgment ... an expert witness's conclusory statement that a reasonable officer could or could not have taken some action will neither establish good faith at the summary judgment stage nor raise a fact issue to defeat summary judgment"). Thus, Geick's own subjective opinion that he acted in good faith was insufficient to satisfy the objective test for good faith, *see Wadewitz,* 951 S.W.2d at 466–67, and the appellants failed to sustain their burden of showing good faith as the summary judgment movants.

Although unnecessary, because the appellants failed to sustain their burden as movants, appellees introduced summary judgment proof to controvert Geick's allegation of good faith. This proof contained the deposition testimony of Sergeant Wade Barton Keeney, the appellants' supervisor on the night in question, and Lieutenant Shafer, an officer who helped conduct the internal department investigation of the Ziglers' complaint. Keeney detailed his involvement in the events of the night in question, and then concluded that Geick handled the encounter with Zigler improperly—that he "messed up big time." Shafer would not express an opinion as to the reasonableness of Geick's action, but he conceded that Geick made a mistake. Nevertheless, Shafer stated he did not believe that Geick purposefully disobeyed the law or department policy. Shafer noted that, although he would not have handled the scene as Geick did, he felt Geick "used his own judgment at the scene ... and he did the best he could."

Appellees also presented, in their summary judgment proof, the only affidavit from officer Cortez, prepared for the internal department investigation and containing only Cortez's version of the facts. Cortez, however, did not offer any conclusions as to the reasonableness of his own actions. Sergeant Keeney testified in his deposition that he did not believe Cortez "messed up." Lieutenant Shafer also testified that he felt Cortez "acted correctly."

None of the proof submitted by the appellees aided appellants materially in meeting their burden of showing good faith. Shafer's conclusion that Geick "used his own judgment" and "did the best he could" was insufficient to meet the summary judgment movant's burden, as to the actions of Geick, under *Chambers*. *See id.* For the same reason, Shafer and Keeney's testimony that they believed Cortez acted properly was insufficient to sustain the burden as to his actions. *See id.*

Therefore, the appellants' proof failed to establish good faith as a matter of law and was insufficient to sustain appellants' burden, as the summary judgment movant, on the issue. Accordingly, the trial court properly denied their motion for relief based on official immunity.

## IV. Conclusion

We overrule the appellant's sole point of error, and affirm the trial court's denial of appellants' motion for summary judgment.