CITY OF SAN JUAN, Texas,
et al., Appellants,

v.

Juan GONZALEZ, Appellee.

No. 13–99–164–CV.

Court of Appeals of Texas,
Corpus Christi.

June 1, 2000.

J. Arnold Aguilar, Law Office of J. Arnold Aguilar, Brownsville, for Appellants.

Joe Richard Flores, Yanta, Flores & Korth, Edinburg, Jesus Sotelo, San Antonio, for Appellee.

BEFORE: Chief Justice SEERDEN and Justices YAÑEZ and RODRIGUEZ.

## OPINION

NELDA V. RODRIGUEZ, Justice.

This is an accelerated appeal from the denial of a summary judgment based on the affirmative defense of immunity. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(a)(5) (Vernon Supp.1999). We affirm.

■ By his Fourth Amended Original Petition, Juan Gonzalez, appellee, brought suit against the City of San Juan (the City), three of its police officers, Juan Rodriguez, Alfredo Lara, and Severiano Martinez, and the San Juan Chief of Police, Samuel Soto, for personal injuries sustained during an arrest of Gonzalez. The City, officers, and police chief filed a motion for summary judgment, asserting the suit was barred by official, qualified, and sovereign immunity. Thereafter, Gonzalez filed his Fifth Amended Original Petition, which deleted Soto from the lawsuit.[1] The trial court subsequently denied the motion for summary judgment.

Police Officer Juan Rodriguez drove his vehicle into an alley and stopped behind a parked vehicle. Robert Cantu was in the driver's seat of the parked vehicle; Juan Gonzalez was in the passenger's seat. Officer Rodriguez directed Cantu to move the vehicle because it was blocking the alley. Cantu pulled his vehicle around the block and then returned to the alley. Rodriguez followed Cantu and initiated a stop for failure to properly indicate a turn. Cantu was then arrested for driving while intoxicated. At some point, Gonzalez got out of the vehicle and stood near the house where he lived, which happened to abut the alley.[2] Officers Alfredo Lara and Severiano Martinez arrived on the scene to assist Rodriguez. Rodriguez suspected Gonzalez was also intoxicated and decided to arrest him. As he attempted to make the arrest, a struggle ensued between Gonzalez and the three officers, resulting in injuries to Gonzalez.

According to Gonzalez, he did not resist arrest, but the officers used excessive force in carrying out the arrest. Gonzalez affined that as he was being handcuffed, an officer kicked him in the back. Gonzalez also claimed an officer struck him over the head with a night stick. As a result, he suffered a gash to the skull and a broken rib. Gonzalez filed suit, alleging the City and the three officers violated his civil rights under the Fourth Amendment of the United States Constitution and article I, sections 9, 19, and 29 of the Texas Constitution. Gonzalez also brought suit against the officers for assault, battery, and intentional infliction of emotional distress.

### The Officers' Affirmative Defense of Official Immunity Under State Law

■ By their first issue, appellants contend the trial court erred in denying

---

1. Rule 65 of the Texas Rules of Civil Procedure regards an amended pleading as supplanting and superseding the original for which it is substituted. *See* TEX.R.CIV.P. 65. Consequently, the omission of a party from an amended pleading amounts to a formal order of dismissal. *See Hill v. Heritage Resources, Inc.*, 964 S.W.2d 89, 142 (Tex.App.—El Paso 1997, writ denied); *Molina v. Kelco Tool & Die, Inc.*, 904 S.W.2d 857, 859 (Tex.App.— Houston [1st Dist.] 1995, writ denied). As such, we do not consider Soto as a party to the appeal, despite the fact that he was included in the notice of appeal.

2. Officer Rodriguez affined that he was unaware that appellee lived in the house abutting the alley when he initiated the arrest.

the motion for summary judgment as to officers Rodriguez, Lara, and Martinez because they are entitled to official immunity against appellee's state claims. To prevail on a motion for summary judgment, the movant has the burden to show there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See City of El Campo v. Rubio*, 980 S.W.2d 943, 948 (Tex.App.—Corpus Christi 1998, review dismissed w.o.j.). This burden may be satisfied by conclusively establishing all elements of an affirmative defense. *See Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex.1993); *City of Pharr v. Ruiz*, 944 S.W.2d 709, 712 (Tex.App.—Corpus Christi 1997, no writ). Official immunity is an affirmative defense. *See Rubio*, 980 S.W.2d at 948. Consequently, the burden was on appellants to establish the elements of their affirmative defense. *See id.* (citing *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984)). In determining whether there is a genuine issue of material fact precluding summary judgment, we indulge every reasonable inference in favor of the non-movant and view evidence favorable to the non-movant as true. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

■ Employees of the government are entitled to official immunity from suit for the performance of discretionary duties, performed in good faith, and within the scope of their authority. *See City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994); *Ruiz*, 944 S.W.2d at 712. In the instant case, there is uncontroverted evidence that appellants, in arresting appellee, performed discretionary duties within the scope of their authority. As a result, the only element we shall consider is whether appellants Rodriguez, Lara, and Martinez acted in good faith.

■ In determining whether an officer acted in good faith, we apply an objective legal reasonableness test, disregarding the officer's subjective state of mind. *See Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex.1997); *City of Lancaster*, 883

S.W.2d at 656. Thus, an officer acts in good faith if a reasonably prudent officer, under the same or similar circumstances, could have believed that the need to take action outweighed a clear risk of harm to the public in taking the action. *See Wadewitz*, 951 S.W.2d at 466–67; *City of Lancaster*, 883 S.W.2d at 656–57. In cases involving force used during an arrest, courts have articulated this standard as whether "a reasonably prudent officer might have believed that force was necessary." *Victory v. Bills*, 897 S.W.2d 506, 509 (Tex.App.—El Paso 1995, no writ); *see City of Harlingen v. Vega*, 951 S.W.2d 25, 31 (Tex.App.—Corpus Christi 1997, no writ).

■ When the summary judgment movant satisfies the legal reasonableness test, the non-movant must controvert that proof by showing that "no reasonable person in the [officer's] position could have thought the facts were such that they justified [the officer's] acts." *City of Lancaster*, 883 S.W.2d at 657; *see Geick v. Zigler*, 978 S.W.2d 261, 265 (Tex.App.—Houston [14th Dist.] 1998, no writ). Thus, there is "an elevated standard of proof for the non-movant seeking to defeat a claim of official immunity in response to a motion for summary judgment." *City of Lancaster*, 883 S.W.2d at 656.

■ In support of their motion for summary judgment, appellants provided an expert report of Ben Lively, an affidavit of Officer Rodriguez, and excerpts from a deposition of Gonzalez. Lively's expert report does not contain a jurat. The report includes the stamp and signature of a notary, but does not indicate that Lively swore to the statement before the notary.

■ An "affidavit" is defined as "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." TEX. GOV'T CODE ANN. § 312.011 (Vernon 1988); *Tucker v. Atlantic Richfield Co.*, 787 S.W.2d

555, 557 (Tex.App.—Corpus Christi 1990, pet. denied). The jurat of an affidavit is a "certificate by a competent officer that the writing was sworn to by the person who signed it." *Huckin v. Connor*, 928 S.W.2d 180, 183 (Tex.App.–Houston [14th Dist.] 1996, writ denied) (quoting *Acme Brick v. Temple Associates, Inc.*, 816 S.W.2d 440, 441 (Tex.App.–Waco 1991, writ denied)). "Without a jurat or authorization from an officer authorized to administer oaths, the statement is not an affidavit and is not competent summary judgment proof." *Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex.App.–Corpus Christi 1994, no writ) (citations omitted). Although appellee did not object to this defect, the absence of a jurat is a substantive defect that can be raised for the first time on appeal and its absence renders the statement incompetent summary judgment evidence. *Perkins v. Crittenden*, 462 S.W.2d 565, 568 (Tex.1970); *Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex.App.—Corpus Christi 1994, no pet.). Therefore, we may not consider Lively's report in support of appellants' motion. We must, consequently, review the affidavit of Officer Rodriguez and the excerpts from Gonzalez's deposition to determine if appellants established the element of good faith.

The affidavit of Officer Rodriguez explains that he observed an odor of alcohol on appellee, and when Rodriguez attempted to arrest him for public intoxication, he resisted arrest. Thereafter, according to Rodriguez, Officers Martinez and Lara arrived to assist in the arrest and a struggle ensued between appellee and the officers. The officers were able to subdue appellee. Rodriguez affined that he possessed information leading him to believe that appellee was committing the offense of public intoxication, "to wit: that Mr. Gonzalez was in a public place, unsteady on his feet, and smelled of alcohol."

 Rodriguez's discussion of appellee's resistance and struggle with the officers is conclusory and unsupported by any factual detail. He does not explain how appellee resisted arrest; instead, he simply concludes, "Mr. Gonzalez resisted the arrest." Likewise, Rodriguez concludes that a struggle ensued without providing any factual support. Because Rodriguez's statements that appellee resisted arrest and that a struggle ensued are conclusory, they may not be considered as part of the summary judgment proof. *See Texas Div.–Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 314 (Tex.1994); *Gordon v. Western Steel Co.*, 950 S.W.2d 743, 749 (Tex.App.—Corpus Christi 1997, writ denied). Therefore, Officer Rodriguez's affidavit provides no support that appellee resisted arrest or that violence was necessary to effectuate appellee's arrest.

 Moreover, examining Rodriguez's affidavit, it is clear that he did not possess adequate information to believe appellee was committing the offense of public intoxication. The term "public intoxication" applies to a person who appears in a public place while intoxicated to the degree that he may endanger himself or another. *See* TEX. PENAL CODE ANN. § 49.02(a) (Vernon 1994). Physical manifestations of alcoholic consumption are not sufficient to constitute public intoxication; rather, the person must be a danger to himself or others. *See id.; Simpson v. State*, 886 S.W.2d 449, 455 (Tex.App.—Houston [1st Dist.] 1994, pet ref'd). Inasmuch as an essential element of the offense is that appellant may endanger himself or others, a potential danger is sufficient to support the element. *Dickey v. State*, 552 S.W.2d 467, 468 (Tex. Crim.App.1977). In this case, Rodriguez opined that he had sufficient information to believe appellee was committing the offense of public intoxication because appellee smelled of alcohol and was unsteady on his feet in a public place. He failed to explain, however, how appellee was a danger to himself or others. In short, Rodriguez's affidavit does not provide summary judgment evidence that the arrest was justified, that appellee resisted arrest, or

that the officers were justified in using force in carrying out the arrest.

We next examine the excerpts from Gonzalez's deposition. Gonzalez admitted to consuming at least seven beers on the night of his arrest. According to Gonzalez, he asked why he was being arrested and was never told by the officers. Appellants argue Gonzalez admitted he resisted the arrest in the following deposition testimony:

[Counsel]: So somehow—you don't know how you fell, right?

[Gonzalez]: No.

[Counsel]: Just with all the ruckus somehow—

[Gonzalez]: Some—yes.

[Counsel]: —all of you fell—

[Gonzalez]: Yes.

[Counsel]: How many of you fell to the ground?

[Gonzalez]: I think two of them—three of us, two officers and—there was two officers—two officers and me.

[Counsel]: Okay. Do you remember which ones?

[Gonzalez]: No.

[Counsel]: What happened when you were on the ground?

[Gonzalez]: That's when they—I know I got no—I know I had—I had lost, so they just handcuffed me.

[Counsel]: I'm sorry, you knew what?

[Gonzalez]: That I had lost. They were three against one.

[Counsel]: What do you mean you had a loss?

[Gonzalez]: Lost. Well, I couldn't do anything with them.

[Counsel]: You had—

[Gonzalez]: The were—they were three people with guns and badges, what am I going to do?

[Counsel]: Okay. I'm sorry, I just didn't understand what you meant by you had a loss.

[Gonzalez]: No.

[Counsel]: You're saying you just—at that point, there was nothing else—

[Gonzalez]: There was nothing else I could do.

[Counsel]: Okay. So you just said, Okay, fine and you stopped resisting?

[Gonzalez]: Yes.

Reviewing this testimony and the entire summary judgment evidence in a light most favorable to the non-movant, Gonzalez, as we must in review of a motion for summary judgment, we conclude the officers failed to show that a reasonably prudent officer, under the same or similar circumstances, could have believed that the need to take action outweighed a clear risk of harm to the public in taking the action. *See Wadewitz,* 951 S.W.2d at 466–67. Thus, appellants Rodriguez, Lara, and Martinez failed to conclusively prove they acted in good faith. Appellants Rodriguez, Lara, and Martinez are not entitled to official immunity as a matter of law. Appellants' first point of error is overruled.

### The City's Affirmative Defense of Sovereign Immunity

■■■■ By their second issue, appellants complain the trial court erred in denying the motion for summary judgment as to appellant City of San Juan because it is entitled to sovereign immunity derivative of its officers' official immunity. The Texas Tort Claims Act subjects a governmental entity to liability for the torts of its employees if "the employee would be personally liable to the claimant according to Texas law." TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(1) (Vernon 1997). Conversely, when a governmental employee is protected from suit under the doctrine of official immunity, the governmental entity's sovereign immunity remains intact. *See City of Houston v. Kilburn,* 849 S.W.2d 810, 812 (Tex.1993). A governmental entity is only entitled to appeal from an interlocutory order pursuant to section 51.014(a)(5) of the Texas Civil Practice and Remedies Code when its

claim of sovereign immunity is "based on" an individual's assertion of qualified or official immunity. *See Id.* Because the officers are not entitled to official immunity, the City is not entitled to derivative sovereign immunity. Appellants' second issue is overruled.

### The Officers' Affirmative Defense of Qualified Immunity Under Federal Law

 By their third issue, the officers contend the trial court erred in denying their motion for summary judgment as to Gonzalez's federal claims because the officers are entitled to qualified immunity under federal law as their actions in effecting appellee's arrest were lawful in light of clearly established law and the information possessed by the officers at the time of the arrest. Official immunity to state claims is distinct from federal qualified immunity to claims under 42 U.S.C. § 1983. *See Vega,* 951 S.W.2d at 32. We review federal claims of excessive force using the "unreasonable seizure" standard. *See Graham v. Connor,* 490 U.S. 386, 394–95, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Hudson v. Vasquez,* 941 S.W.2d 334, 338 (Tex.App.— Corpus Christi 1997, no writ). This standard requires a two-step analysis. First, we determine whether there is an alleged violation of a clearly established constitutional right. *See Colston v. Barnhart,* 130 F.3d 96, 99 (5th Cir.1997). If there is, we determine whether the government official's "actions were objectively reasonable in light of clearly established law," entitling him to qualified immunity. *Id.*

Because Gonzalez alleged the use of excessive force by the police officers in violation of his Fourth Amendment rights against unreasonable seizures, he has alleged a violation of a clearly established constitutional right. *See Graham,* 490 U.S. at 395, 109 S.Ct. 1865; *Colston,* 130 F.3d at 99. Therefore, we are left with resolving whether appellants' conduct was objectively reasonable under existing clearly established law. In doing so, we must balance the force used against the need for that force in light of clearly established law at the time of the conduct. *See Graham,* 490 U.S. at 396, 109 S.Ct. 1865. Reviewing Rodriguez's affidavit and Gonzalez's deposition excerpts, we are unable to conclude the officers' conduct was objectively reasonable; thus, appellants Rodriguez, Lara, and Martinez are not entitled to qualified immunity under federal law. Appellants' third issue is overruled.

We AFFIRM the denial of the motion for summary judgment.