TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-01-00582-CV







Rhonda Ramsey, Appellant


v.


Reagan; Burrus; Dierksen; Lamon & Bluntzer, P.L.L.C.; John T. Dierksen,

Jonathan Hull and Brently W. Free, Appellees







FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT

NO. C99-794B, HONORABLE WELDON KIRK, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 Appellant Rhonda Ramsey sued appellee's Reagan, Burrus, Lamon & Bluntzer,
P.L.L.C., together with John T. Dierksen, Jonathon Hull and Brently W. Free, appellees, ( "Reagan
Burrus") for legal malpractice. The trial court granted summary judgment for Reagan Burrus. By
six issues on appeal, Ramsey complains that the trial court erred by (1) conducting a summary
judgment hearing in the absence of evidence of adequate notice, (2) striking her summary judgment
evidence, including the testimony of her expert witness, and (3) granting Reagan Burrus traditional
motion for summary judgment and no-evidence motion for summary judgment. We hold that the
summary judgment evidence was properly excluded and the no-evidence motion for summary
judgment was properly granted. Therefore, we affirm the trial court's judgment.


FACTUAL AND PROCEDURAL BACKGROUND


 The attorney-client relationship between Ramsey and Reagan Burrus began in
February 1993. Ramsey hired Reagan Burrus to help her with the sale of some real estate, located
in Comal County, to John and Geraldine Lecas. The Lecases paid Ramsey $5,000 in cash and
Ramsey retained a $75,000 lien on the land. Reagan Burrus drafted the closing documents on the
sale, including a deed of trust, a real estate lien note, and a warranty deed.

 In 1994, Ramsey again contacted Reagan Burrus because the Lecases were falling
behind in their monthly note payments. Ramsey, through Reagan Burrus, attempted to foreclose on
the property. On April 24, 1996, Ramsey was granted a default summary judgment on the
foreclosure but was unable to foreclose at that time due to an automatic stay entered by the
bankruptcy court of the Western District of Texas. Apparently the Lecases had filed for bankruptcy
without notifying Ramsey. 

 Ramsey, through Reagan Burrus, attempted to foreclose on the property a second
time. This time, Ramsey was prevented from foreclosing due to an injunction granted to the Lecases
by the district court in Comal County based on deficiencies in the earlier foreclosure proceeding and
deficiencies in the documents Reagan Burrus prepared in connection with the original sale of the
property. In an unpublished opinion, this Court affirmed the judgment of the trial court. See Ramsey
v. Lecas, No. 03-95-00411-CV (Tex. App.--Austin Sept. 18, 1996, no writ) (not designated for
publication).

 In May 1997, a judgment Ramsey obtained ordered the Lecases to pay Ramsey a total
of $73,660.12, plus interest and costs, and authorized a sheriff's sale of the property in satisfaction
of the judgment. The sheriff's sale was scheduled for November 4, 1997. Before the sheriff's sale,
the Lecases paid Ramsey in full. Thus, the sheriff's sale did not occur. 

 On October 1, 1999, nearly two years after being paid in full by the Lecases, Ramsey
initiated this legal malpractice suit in Comal County against Reagan Burrus, alleging breach of
fiduciary duty, negligence, and gross negligence. (1) She sued for economic damages, personal injuries,
and exemplary damages, which she alleged arose out of her attempted enforcement of the real estate
lien note and the inadequacy of real estate transactional documents prepared for her by Reagan
Burrus in connection with the sale of her property to the Lecases.

 In April 2001, Reagan Burrus filed a traditional motion for summary judgment,
asserting the affirmative defense of limitations and further alleging that the summary judgment
evidence showed that there were no genuine issues of material fact regarding Ramsey's claim. At
the same time, Reagan Burrus filed a no-evidence motion for summary judgment based upon
Ramsey's lack of evidence to support any of her causes of action for negligence and breach of
fiduciary duty.

 In May 2001, both Reagan Burrus and Ramsey filed motions to exclude each other's
expert witnesses. The trial judge granted Reagan Burrus's motion to exclude the expert testimony
offered by Ramsey. Additionally, the trial judge granted both the traditional and no-evidence
motions for summary judgment filed by Reagan Burrus. Ramsey then perfected her appeal to this
Court. In six issues, Ramsey claims the trial court erred in (1) granting Reagan Burrus's motion for
summary judgment; (2) granting Reagan Burrus's motion for summary judgment and motion for no-evidence summary judgment when Ramsey did not receive twenty-four days notice prior to the
hearing; (3) striking Ramsey's summary judgment evidence; (4) excluding the testimony of
Ramsey's expert witness; (5) denying Ramsey's request for continuance and her motion to compel
and to strike Reagan Burrus's motions for summary judgment; and (6) granting Reagan Burrus's
motion for no-evidence summary judgment.


DISCUSSION


 In her second issue, Ramsey alleges the trial court erred in conducting a summary
judgment hearing in the absence of evidence of adequate notice to her. See Tex. R. Civ. P. 166a(c). (2)
The certificate of service attached to both motions for summary judgment shows service on April
13, 2001. The summary judgment hearing was set for May 7, 2001, 24 days later. (3) In her response
to Reagan Burrus's motion for summary judgment, Ramsey acknowledges that the motions were
mailed on April 13. Yet on appeal, she argues that Reagan Burrus produced no evidence as to a
postmark date and had the burden of producing such evidence of notice prior to being entitled to a
hearing. We disagree. In Meek v. Bishop Peterson & Sharp, P.C., 919 S.W.2d 805, 809 (Tex.
App.--Houston [14th Dist.] 1996, writ denied), the court held that a certificate of service is prima
facie evidence of service. Texas Rule of Civil Procedure 21a creates a presumption that a document
properly sent is received by the addressee. See Tex. R. Civ. P. 21a; Meek, 919 S.W.2d at 809. This
presumption may be rebutted by an offer of proof of nonreceipt. Meek, 919 S.W.2d at 809. In the
absence of any proof to the contrary, the presumption has the force of a rule of law. Id. Here,
Ramsey did not produce any evidence to rebut the presumption that the motions were properly sent
and received. Her second issue is overruled.

 In her fifth issue, Ramsey argues that the trial court erred in denying her motion for
continuance and motion to compel and strike Reagan Burrus's motions. The granting or denying of
a motion for continuance is within the trial court's discretion. The trial court's decision will not be
disturbed absent a clear abuse of discretion. Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986). 
The basis of Ramsey's request for a continuance was that she was not given 24 days notice. 
However, as previously discussed in this opinion, Ramsey did receive adequate notice; therefore, the
trial court did not abuse its discretion in denying her motion for continuance. In addition, the record
shows that in response to Ramsey's motion to compel, Reagan Burrus responded that they had
produced the underlying files and that there were no other documents to produce. As a general rule,
an appellate court will not review the trial court's action with regard to matters resting in the trial
court's discretion, unless such discretion has been clearly and prejudicially abused. Schroeder v.
Brandon, 172 S.W.2d 488, 491 (Tex. 1943). We cannot say the trial court abused its discretion in
denying Ramsey's motion to compel; therefore, we overrule Ramsey's fifth issue.


Excluded summary judgment evidence

 In her third and fourth issues, Ramsey argues that the trial court improperly excluded
her summary judgment evidence and the testimony of her expert witness. The standards for
determining the admissibility of evidence in a summary judgment proceeding are the same as those
applied in a regular trial. United Blood Servs. v. Longoria, 938 S.W.2d 29, 30 (Tex. 1997). The
admission and exclusion of evidence are within the sound discretion of the trial court. City of
Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995); Waldrep v. Texas Employers Ins. Ass'n,
21 S.W.3d 692, 703 (Tex. App.--Austin 2000, pet denied). This determination will not be
overturned absent a clear abuse of discretion. Alvarado, 897 S.W.2d at 753; Waldrep, 21 S.W.3d
at 703. A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or
when it acts without reference to any guiding rules or principles. Beaumont Bank, N.A. v. Buller,
806 S.W.2d 223, 226 (Tex. 1991); Waldrep, 21 S.W.3d at 703.

 In making the initial determination of admissibility of evidence, Texas courts must
apply the principles set forth in the evidentiary rules governing relevancy. See Tex. R. Evid. 401-403. To meet the relevancy test, the proffered evidence must, first, have probative value, and
second, be of consequence to some issue in the trial. See Tex. R. Evid. 401.

 The evidence Ramsey claims the trial court improperly excluded took two forms: (1)
certain documents that had previously been authenticated by both parties, including this Court's
unpublished opinion in Ramsey v. Lecas, a purported earnest money contract, and a non-appraisal
letter of Mary Jo Hutton; and (2) the expert testimony of Phillip Feldman. 

 Reagan Burrus objected to Ramsey's documents as not proper summary judgment
evidence. Ramsey contends that the objections to her documents should not have been sustained
because she and Reagan Burrus agreed to their authenticity. However, authentication is but a
condition precedent to admissibility. While in some instances authentication is all that is required
for admissibility, an authenticated document may be objectionable on other grounds. See Tex. R.
Evid. 901(a). Moreover, although Ramsey raises this contention as an issue on appeal, her brief
contains no argument or authority to support it. See Tex. R. App. P. 38.1(h). In order to maintain
a point on appeal, an appellant must provide a discussion of the facts and authorities relied upon. 
A failure to discuss relevant facts and authority results in a waiver of the point on appeal. Dallas
Cent. Appraisal Dist. v. Tech Data, 930 S.W.2d 119, 121 (Tex. App.--Dallas 1996, writ denied). 
See also Horton v. Horton, 965 S.W.2d 78, 88 (Tex. App.--Fort Worth 1998, no pet.) ("By raising
an issue and failing to present any argument or authority on that issue, the party waives that issue."). 
Because Ramsey inadequately briefed this issue, we cannot determine what the relevance of her
documents is. Therefore, we cannot say that it was unreasonable or an abuse of discretion to exclude
Ramsey's documents as improper summary judgment evidence. 

 Ramsey also complains that the trial court erred in excluding the expert testimony of
Phillip Feldman. Reagan Burrus asserted that Feldman's report was improper summary judgment
evidence because it contained no jurat, was not an affidavit, and affirmatively reflected the witness's
lack of qualification in that Feldman's opinions were not based on Texas law.

 When the offered evidence is the testimony of an expert witness, the court must then
apply the principles set forth in the rules governing expert testimony. See Tex. R. Evid. 702-705;
North Dallas Diagnostic Ctr. v. Dewberry, 900 S.W.2d 90, 94 (Tex. App.--Dallas 1995, writ
denied). A two-part test governs whether expert testimony is admissible: (1) the expert must be
qualified and (2) the testimony must be relevant and based on a reliable foundation. E.I. du Pont de
Nemours & Co. v. Robinson, 923 S.W.2d 549, 556 (Tex. 1995). According to this test, the trial
judge must act as a "gatekeeper" and decide whether an expert is qualified and whether his testimony
is relevant and reliable. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993); Robinson,
923 S.W.2d at 557-58.

 A legal malpractice action in Texas is based on negligence. Cosgrove v. Grimes, 774
S.W.2d 662, 664 (Tex. 1989). The elements of a legal malpractice claim are: (1) duty, (2) breach
of duty, (3) the breach proximately caused the injury, and (4) resulting damages. Id. at 665. In
Texas, a lawyer is held to the standard of care that would be exercised by a reasonably prudent
attorney. Hall v. Rutherford, 911 S.W.2d 422, 424 (Tex. App.--San Antonio 1995, writ denied). 
The conduct of the attorney must be evaluated based on the information the attorney has at the time
of the alleged act of negligence. Cosgrove, 774 S.W.2d at 664. If an attorney makes a decision
which a reasonably prudent attorney could make in the same or similar circumstance, it is not an act
of negligence, even if the result is undesirable. Id. at 665. The standard is an objective exercise of
professional judgment. Id. A plaintiff in a legal malpractice suit is required to present expert
testimony regarding the standard of skill and care ordinarily exercised by an attorney. Ersek v. Davis
& Davis, P.C., 69 S.W.3d 268, 271 (Tex. App.--Austin 2002, pet. denied). See also Onwuteaka v.
Gill, 908 S.W.2d 276, 281 (Tex. App.--Houston [1st Dist] 1995, no writ) (holding that in
professional malpractice case, both breach of standard of care and proximate cause must be proven
by expert testimony).

 Reagan Burrus moved to exclude Ramsey's expert witness because, among other
reasons, he was not licensed to practice law in Texas, he was unfamiliar with Texas law, and he was
unfamiliar with practices in the locality. In addition to the general standard of care, several Texas
cases indicate that the standard of care for an attorney in Texas must be determined with reference
to the particular locality. See Cook v. Irion, 409 S.W.2d 475, 478 (Tex. App.--San Antonio 1966,
no writ). In Cook, the court recognized that knowledge of the local situation was important and
indicated that "an attorney practicing in a vastly different locality would not be qualified to second
guess the judgment of an experienced attorney of the El Paso County Bar." Id. at 478. See also,
Ballesteros v. Jones, 985 S.W.2d 485, 494 (Tex. App.--San Antonio 1999, pet. denied); Tijerina
v. Wennermark, 700 S.W.2d 342, 347 (Tex. App.--San Antonio 1985, no writ).

 Although the proponent of the testimony has the burden of establishing the expert's
qualifications, the trial court has the responsibility of ensuring that those who claim to be experts
actually have expertise concerning the subject about which they are offering an opinion. Robinson,
923 S.W.2d at 556. The inquiry must be into the actual qualification. Id. There must be a "fit"
between the subject matter at issue and the expert's familiarity with it. See Broders v. Heise, 924
S.W.2d 148, 153 (Tex. 1996).

 Because the qualification of a witness as an expert is within the trial court's
discretion, we will not disturb the trial court's decision absent clear abuse. Broders, 924 S.W.2d at
151; Robinson, 923 S.W.2d at 558. "The test for abuse of discretion is whether the trial court acted
without reference to any guiding rules or principles." Robinson, 923 S.W.2d at 558. We cannot say
that the trial court acted without any reference to guiding rules or principles in excluding the expert
testimony of Ramsey's witness, given the witness's lack of qualifications--primarily, the absence
of a license to practice in Texas. Even if Ramsey's witness had been qualified to testify as an expert,
the trial court properly excluded his testimony because his letter report was not in affidavit form and
contained no jurat.

 An affidavit is defined as a "statement in writing of a fact or facts signed by the party
making it, sworn to before an officer authorized to administer oaths, and officially certified to by the
officer under his seal of office." Tex. Gov't Code Ann. § 312.011 (West 1998); City of San Juan
v. Gonzalez, 22 S.W.3d 69, 72 (Tex. App.--Corpus Christi 2000, no pet.). The jurat of an affidavit
is a "certificate by a competent officer that the writing was sworn to by the person who signed it." 
Huckin v. Conner, 928 S.W.2d 180, 183 (Tex. App.--Houston [14th Dist.] 1996, writ denied)
(quoting Acme Brick v. Temple Assoc., Inc., 816 S.W.2d 440, 441 (Tex. App.--Waco 1991, writ
denied)). Without a jurat, the statement is not an affidavit and is not competent summary judgment
proof. Gonzalez, 22 S.W.3d at 73 (quoting Gonzalez v. Phoenix Frozen Foods, Inc., 884 S.W.2d
587, 590 (Tex. App.--Corpus Christi 1994, no writ)). Because Ramsey's expert's report was not
in affidavit form and contained no jurat, it was not competent summary judgment proof and,
therefore, was properly excluded. See Tex. R. Civ. P. 166a(c). (4) We overrule issues three and four.


No-evidence summary judgment

 In her sixth issue, Ramsey claims that the trial court erred in granting Reagan Burrus's
motion for no-evidence summary judgment. Courts of appeal review no-evidence summary
judgments under rule 166a(i) with the same legal sufficiency standard applied to directed verdicts. (5) 
Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70 (Tex. App.--Austin 1998, no pet.); Moore v. K
Mart Corp., 981 S.W.2d 266, 269 (Tex. App.--San Antonio 1998, pet. denied). "Like a directed
verdict, then, the task of the appellate court is to determine whether the plaintiff has produced any
evidence of probative force to raise fact issues on the material questions presented." Jackson, 979
S.W.2d at 70. All evidence must be considered in the light most favorable to the party against whom
the no-evidence summary judgment was rendered, with every reasonable inference indulged and any
doubts resolved in favor of the non-movant. Id.

 A no-evidence summary judgment is properly granted if the nonmovant fails to bring
forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an
essential element of the nonmovant's claim on which the nonmovant would have the burden of proof
at trial. See Tex. R. Civ. P. 166a(i); Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711
(Tex. 1997). Less than a scintilla of evidence exists when the evidence is "so weak as to do no more
than create a mere surmise or suspicion" of a fact, and the legal effect is that there is no evidence. 
Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). Conversely, more than a scintilla of
evidence exists when the evidence supporting a finding "rises to a level that would enable reasonable
and fair-minded people to differ in their conclusions." Burroughs Wellcome Co. v. Crye, 907
S.W.2d 497, 499 (Tex. 1995). 

 Having held that Ramsey's expert witness was properly excluded, Ramsey is without
expert testimony and, therefore, has no evidence to support her cause of action. See Hall, 911
S.W.2d at 424. Specifically, without expert testimony to establish the standard of skill and care
ordinarily exercised by an attorney, there is no evidence to establish breach of duty, an essential
element of Ramsey's cause of action. Accordingly, we hold that the trial court properly granted
Reagan Burrus's no-evidence summary judgment and overrule Ramsey's sixth issue. Because we
find summary judgment was properly granted, it is unnecessary to address Ramsey's remaining
issues on appeal.


CONCLUSION

 We hold that Ramsey had adequate notice of the summary judgment hearing, the trial
court properly excluded Ramsey's summary judgment evidence and properly granted Reagan
Burrus's no-evidence motion for summary judgment. The judgment of the trial court is affirmed.



 

 David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: January 16, 2003

1. We note that in the original and amended petitions filed by Ramsey, the term "gross
negligence" appears once, in the concluding paragraph of her discussion. This mention of the term
is not accompanied by any explanation or differentiation from her claims of negligence, and
therefore appears to be predicated on the same acts or omissions as her negligence claims.
2. Rule 166a(c) provides, in part, that the motion "shall be filed and served at least twenty-one
days before the time specified for hearing."
3. In Lewis v. Blake, the supreme court held that the rules permitted, and it was proper to hold,
a summary judgment hearing on the 24th day after it was served. 876 S.W.2d 314, 315-16 (Tex.
1994) (applying Rule 4 to Rule 166a(c) of the Texas Rules of Civil Procedure). Rule 4 allows a
summary judgment motion to be heard on the 24th day if it is served by mail.
4. Competent summary judgment evidence includes affidavits, depositions, interrogatories,
and other discovery, rather than oral testimony. See Tex. R. Civ. P. 166a(c).
5. Rule 166a(i) provides as follows:



 No-Evidence Motion. After adequate time for discovery, a party without
presenting summary judgment evidence may move for summary judgment
on the ground that there is not evidence of one or more essential elements
of a claim or defense on which an adverse party would have the burden of
proof at trial. The motion must state the elements as to which there is no
evidence. The court must grant the motion unless respondent produces
summary judgment evidence raising a genuine issue of material fact.



Tex. R. Civ. P. 166a(i).